SAM BENNETT, Plaintiff-Appellant, *v.* DANVER MUSGRAVE, Defendant-Appellee.

(No. 69-76;

Fifth District—December 28, 1970.

Wildman, Harrold, Allen & Dixon, of Chicago, and Eagleton, Newlin and Douglas, of Robinson, (Harold W. Huff, Robert L. Douglas, & Lenard C. Swanson, of counsel,) for appellant.

Jack E. Horsley and Richard F. Record, Jr., of Mattoon, (Carroll T. Cox, of counsel,) for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

The plaintiff brought this action to recover damages for loss of sight arising from a claimed violation of the Structural Work Act. (Ill. Rev. Stat. 1967, ch. 48, par. 60 *et seq.*[1]) and common law negligence. The defendant filed a motion to strike the complaint for failure to state a cause of action. The defendant's motion was sustained and judgment entered for the defendant, from which plaintiff appeals.

The only issue presented is on the pleadings. The question is whether the trial court was correct in sustaining defendant's motion to strike.

Since the question is of the sufficiency of the complaint, the "facts" must be those as alleged in the complaint. The defendant was the owner of property in Oblong, Illinois upon which his employees were erecting a building. The defendant requested the plaintiff, a non-employee, to check the progress of the building. Plaintiff went to the premises for that purpose, and while plaintiff was on the premises, a workman "was

---

[1] Ch. 48, par. 60, Ill. Rev. Stat. 1967, in part is as follows:

"Be it enacted by the People of the State of Illinois, represented in the General Assembly: That all scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, or other structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon, or passing under or by the same, and in such manner as to prevent the falling of any material that may be used or deposited thereon."

working upon the aforesaid scaffold or support and was engaged in the erection of the building * * *, a certain wrench which he was using upon said scaffold or support was caused to and did fall therefrom and did then and there strike the plaintiff causing him to sustain the injury * * *." The defendant not only owned the property but was also in charge of the construction being performed. Plaintiff alleges that he was a business invitee.

The complaint alleged that the defendant was guilty of a willful violation of the provisions of the Act in that the scaffold was not erected, constructed, placed and operated as to give proper and adequate protection to the life and limb of the plaintiff who was a person passing under or by the same, and was not erected or constructed, placed and operated as to prevent the falling therefrom of a certain wrench then and there used thereon; that plaintiff did not satisfy the duty placed upon him by the Act to enforce compliance with its provisions and that as a direct and proximate result of the violation, a certain wrench was caused to fall "from said scaffold or support" causing the plaintiff's injury.

We particularly note that part of Section 60 which provides that scaffolds "shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons * * * passing under or by the same, and in such manner as to prevent the falling of any *material* that may be *used or deposited thereon*". Emphasis ours.

In interpreting the Act in *Gannon v. C. M. St. P. & P. Ry. Co.*, 22 Ill.2d 305, 175 N.E.2d 785, our Supreme Court said: "Any employee or other person injured by a wilful violation of the Act by any of the enumerated persons having charge of the structural work still has an action against such party." The Court there went on to point out that the Act provided a very real remedy for injured persons against any person in charge of the work, except his own employer, who may willfully violate or fail to comply with the Act.

Recently the Court in *Louis v. Barenfanger*, 39 Ill.2d 445, 236 N.E.2d 724 gave special emphasis to the mandatory character of the Act. In again interpreting it the Court referred to the pronouncements of *Gannon*, stating:

"As we noted in the Gannon case: '(In considering) the construction of this Act, we must apply the legal axiom that the words of a statute should be construed to give effect to the legislative intention, which must be ascertained not only from the language of the entire Act, but from the evil to be remedied and the object to be attained."

The way selected by the legislature to insure the safety of "persons in and about" construction projects was to impose a duty upon every per-

son having charge of the work to see to it that the requirements of the statute are met. Attempts to invalidate the legislative enactment have been repudiated in both Federal (*Mitseff v. Acme Steel Co.*, 208 F.Supp. 805, N.D. Ill. 1962,) and State (*Kennerly v. Shell Oil Co.*, 13 Ill.2d 431, 160 N.E.2d 134, 1958,) Courts. In line with the recognition of the legislative purposes, the term "wilful" as used in the Act has been interpreted from the beginning to mean only "knowledge" and to embrace both actual and constructive notice. (*Kennerly v. Shell Oil Co.*, *supra*.) And as has been pointed out in *Larson v. Commonwealth Edison Co.*, 33 Ill.2d 316, 211 N.E.2d 247, an owner may not escape liability merely by looking the other way.

While none of the cases above cited deal with a factual situation similar to those alleged in the present complaint, they do indicate the liberal construction to be given to the Act to serve the purpose for which it was enacted.

Defendant contends that the Act which uses the word "material" does not include a tool, in this case a wrench, and that *Donahue v. Stiles Construction Co.*, 214 Ill.App. 82 (1919) is controlling. In that case an employee of a subcontractor repairing a post office building while astride a steel beam that had been put in place to be riveted, dropped a wrench on the plaintiff who was in the course of his employment as a mailman. The plaintiff mailman included in his complaint, a count pleading a statute identical to Sec. 60. In holding the count did not state a course of action, the Court said of the statute: "We think it has no application to the falling of a tool used by a workman in the course of construction".

Defendant also contends that *Frake v. Paschen Contractors, Inc.*, 113 Ill.App.2d 403, 252 N.E.2d 14 (1969) is here controlling and follows *Donahue, supra*. The opinion makes no reference to *Donahue*. In *Frake*, the plaintiff, an employee of a subcontractor, was injured when a foreman who apparently was standing on the ground above a manhole dropped a clevis bolt which had been removed from a crane, into a manhole in which plaintiff was working. The Court stated that the evidence clearly showed that the injuries were not caused by the operation nor by any defective condition of the crane. In affirming a judgment notwithstanding the plaintiff's verdict, entered in favor of the defendants, the Court stated:

"Had the foreman negligently dropped one of his own tools down the manhole instead of the defendant's clevis bolt there would be no doubt that the plaintiff would not have a cause of action under the Structural Work Act."

The Circuit Court of Appeals, 7th District in *Bounougias v. Republic Steel Corporation* (1960), 277 F.2d 726 in a discussion of the *Donahue*,

*supra,* decision, pointed out that in *Donahue* "the wrench was dropped by the workman from a beam which was a part of the work and not from a scaffold." It was only in 1968 by the decision in *Louis v. Barenfanger, supra,* that a device being used as a scaffold was, or was intended to be, a permanent part of the structure being worked upon, became a scaffold under the Act. See *Parizon v. Granite City Steel Co.* (1967), 71 Ill.App.2d 53 (Leave to appeal denied 35 Ill.2d 629) and cases cited therein.

The real distinction between the case at hand and *Donahue* and *Frake* is that in the latter cases a scaffold was not involved. The Act does not purport to apply to all falling objects. By its terms it has application only to those "used or deposited" upon scaffolds. Neither is the dictum of *Frake,* which we have quoted, controlling here.

■■ With the recent pronouncements of the Supreme Court as our guide and interpretations that have recently been given it, it is incumbent upon the courts to liberally construe the Structural Work Act. To say that a party would not be allowed recovery under the Act when the injury received was from a tool and not from a brick, which also fell but did not strike, would be a distinction unworthy of the purposes of the Act. As a result, we are not persuaded to make the distinction urged by defendants, between tools and "material" as used in the Act, the primary purpose of which is protection from the benefit of those "employed or engaged thereon, or passing under or by the same".

For the reasons herein stated the judgment is reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and cause remanded.

GOLDENHERSH and MORAN, JJ., concur.