LORETTA WRIGHT, Plaintiff-Appellant, *v.* SYNERGISTICS, INC., *et al.*, Defendants-Appellees.

First District (3rd Division) No. 76-545

Opinion filed August 31, 1977.

John J. Lowrey, of Chicago, for appellant.

Garbutt, Jacobson & Lee Associated, of Chicago (E. J. Garbutt, of counsel), for appellee Erickson, Kristmann & Stillwaugh, Inc.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, A. Mark Ialongo, and David B. Permar, of counsel), for appellees Synergistics, Inc., and Gilbert Hodgman, Inc.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

The sole issue in this appeal is whether a person injured walking across a scaffold as she left her place of employment, although she was not employed in the construction on which the scaffold was being used, is protected by the Illinois Structural Work Act ("the Act") (Ill. Rev. Stat. 1971, ch. 48, pars. 60-69).

Plaintiff, who was employed by the Board of Education to prepare lunches at a Chicago school, alleges that defendants erected an arrangement of scaffolds and planks while making repairs at the school. Plaintiff fell off the scaffold on her way home from work as she walked out the back door of the school. She alleges that her duties at the school required her to leave by the back door, and in exiting her place of employment she was required to walk across the scaffolding. She also alleges that the defendants wilfully failed to place the scaffold in a safe manner to give adequate protection to persons "engaged or passing

thereon." By these allegations she was claiming the protection of the Act.

Defendants' motion to dismiss the count of the complaint containing the above allegations for failure to state a cause of action was allowed by the circuit court. The theory advanced by the defendants to support their motion was that plaintiff was not covered by the Act because she was not involved in the construction, alteration or repair of the school.

The pertinent portion of the Act is section 1, which provides in part:

> "That all scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, or other structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon, or passing under or by the same, and in such manner as to prevent the falling of any material that may be used or deposited thereon." Ill. Rev. Stat. 1971, ch. 48, par. 60.

The purpose of the Act is to protect persons employed in dangerous and extrahazardous occupations which require them to be on or make use of scaffolds or other contrivances of the type described in the Act. (*Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 127, 302 N.E.2d 64; *Crafton v. Knight & Associates, Inc.* (1970), 46 Ill. 2d 533, 536, 263 N.E.2d 817; *Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.* (1961), 22 Ill. 2d 305, 175 N.E.2d 785.) Although a liberal construction of the Act has been declared proper to carry out its purpose, this does not permit an interpretation which extends the Act to occupations or persons not intended to be protected. (*Crafton,* at 536.) The preparation of lunches for students is not a hazardous occupation, and not one the Act was intended to cover.

Neither of the decisions on which plaintiff places her greatest reliance, *Warren v. Meeker* (1973), 55 Ill. 2d 108, 302 N.E.2d 54, or *Bennett v. Musgrave* (1970), 130 Ill. App. 2d 891, 266 N.E.2d 128, supports plaintiff's contention that she comes within the Act's protection. In *Warren* the plaintiff's employer, a farm owner, was the lessee of a silo located on his property. The silo contained a built-in ladder for use, among other purposes, in repairing the silo. While plaintiff, a farm hand, was on the ladder repairing the silo, a rung gave way and plaintiff fell and was injured. The court held plaintiff had a cause of action because of "the plain language of * * * the Act which extends protection to 'any person' engaged on a ladder while repairing a structure." 55 Ill. 2d 108, 113.

The defendant in *Bennett* was a property owner whose employees, under his direction and control, were erecting a building on his property.

He asked plaintiff, who was not his employee, to check the progress of the building. While on the premises, plaintiff was injured when a wrench fell from a scaffold and hit him. The court noted that section 1 of the Act requires scaffolds to be erected and constructed to give adequate protection to any person passing underneath "and in such manner as to prevent the falling of any *material* that may be *used or deposited* thereon." (Emphasis added.) (130 Ill. App. 2d 891, 893.) The court's opinion, which was concerned primarily with whether a wrench falling from the scaffold was "*material*," as that word was used in the Act, concluded that because the Act's purpose was to protect those working on a structure, a wrench should be considered "material," and held that plaintiff stated a cause of action under the Act.

*Warren* is distinguishable from this case in that plaintiff there was engaged in repairing a structure. *Bennett* is inapplicable here as well. Although the plaintiff was not a tradesman, worker or employee engaged in the construction project when he responded to the owner's request to check the progress of the construction, he was both concerned with the building of a structure and playing a role in the construction project.

■■ In walking upon the scaffold when she left her employment in the school building, plaintiff in this case was neither a construction worker nor engaged in a hazardous occupation, she was not involved in the construction, alteration or repair of any structure or building, and she was not concerned with the building or repair of a structure. She was, therefore, not protected by the Act. This interpretation is in harmony with *Bitner v. Lester B. Knight & Associates, Inc.* (1974), 16 Ill. App. 3d 857, 307 N.E.2d 136. In *Bitner,* plaintiff, employed as an electrician in the maintenance department of a company, was injured by falling from a beam he was crossing to get to a conveyor. He was held not to be covered by the Act because he was not a "construction worker" involved in the construction, alteration or repair of any building or structure. As in this case, the plaintiff in *Bitner* appears to have walked on the beam he fell from only because it was a convenient means of getting to another part of the plant where he was working.

■■ As we construe section 1 of the Act, it is not intended to protect a person who is on or using a scaffold or other mechanical contrivance of the type described in the Act, unless he is engaged in or connected with the construction, repair, removal or painting of the structure for which the scaffold or contrivance is being used. Plaintiff cannot, therefore, recover for her injuries under the provision of the Act, and the count of her complaint so alleging was properly dismissed.

Judgment affirmed.

McNAMARA and McGILLICUDDY, JJ., concur.