JAMES D. GRANT *et al.*, Plaintiffs-Appellants, *v.* ZALE CONSTRUCTION COMPANY *et al.*, Defendants-Appellees.

First District (1st Division)   Nos. 81—1933, 81—2658 cons.

Opinion filed September 27, 1982.

Thomas H. Stern, P. C., of Chicago (Jesus N. Borrillo, Jr., of counsel), for appellants.

Clausen, Miller, Gorman, Caffrey & Witous, P. C., of Chicago (James T. Ferrini, Thomas H. Ryerson, and Elizabeth J. Whinery, of counsel), for appellee Zale Construction Company.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Daniel J. O'Connor, Evan Burton Karnes II, of counsel), for appellee Fred Bereskin

JUSTICE GOLDBERG delivered the opinion of the court:

James D. Grant (plaintiff) and his wife, Lynne Grant, brought an action against Zale Construction Company and Fred Bereskin, individually and doing business as Fullerton Plumbing Company (defendants). Count I of plaintiff's complaint seeks recovery under the Structural Work Act (Ill. Rev. Stat. 1979, ch. 48, par. 60 et seq.). Count II is based on common law negligence. Count III seeks recovery for plaintiff's wife for loss of consortium. Count I was dismissed by the trial court. Plaintiff appeals.

According to plaintiff's complaint, on September 1, 1979, plaintiff was employed as a full-time firefighter by the village of Northbrook. He was summoned to a construction site to extricate a construction worker who was trapped when a sanitary sewer line trench collapsed. Plaintiff climbed into the trench, and while there was struck by falling dirt and debris. The only issue in this appeal is whether the Structural Work Act covers a firefighter injured while rescuing a construction worker.

The pertinent language of the statute provides (Ill. Rev. Stat. 1979, ch. 48, par. 60:

> "That all scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, or other structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon, or passing under or by the same, and in such manner as to prevent the falling of any material that may be used or deposited thereon."

The basic purpose of the statute is protection for persons engaged in extrahazardous work. (*Zizzo v. Ben Pekin Corp.* (1979), 79 Ill. App.

3d 386, 393, 398 N.E.2d 383, *appeal denied* (1980), 79 Ill. 2d 634.) More specifically, "[t]he primary purpose of the Structural Work Act is to secure for construction workers a safe place to work and a remedy for injuries suffered by employees at the hazardous construction site." (*Kelly v. Northwest Community Hospital* (1978), 66 Ill. App. 3d 679, 683, 384 N.E.2d 102, *appeal denied* (1979), 74 Ill. 2d 586.) The statute is to be liberally construed to afford a broad protection of working men. (*Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 127, 302 N.E.2d 64. See also *McNellis v. Combustion Engineering, Inc.* (1974), 58 Ill. 2d 146, 151, 317 N.E.2d 573, and cases there cited.) However, liberal construction cannot extend the statutory protection to all classes of persons and all types of situations. *Farley v. Marion Power Shovel Co.* (1975), 60 Ill. 2d 432, 436, 328 N.E.2d 318; *Kelly v. Northwest Community Hospital* (1978), 66 Ill. App. 3d 679, 683.

Plaintiff urges the Act should extend to all persons injured while legitimately on the construction site, without exception. We believe the Supreme Court of Illinois has recently rejected a similar argument. In *Long v. City of New Boston* (1982), 91 Ill. 2d 456, the supreme court rejected the Structural Work Act claim of a volunteer who was injured while stringing lights between two poles for defendant city. The court noted, "[a]ssuming for the sake of argument that a utility pole is a structure, however, plaintiffs' contention still must fail, because Long was not engaged in an alteration *of that structure.*" 91 Ill. 2d 456, 467.

A similar result can be found in *Wright v. Synergistics, Inc.* (1977), 52 Ill. App. 3d 233, 367 N.E.2d 466, *appeal denied* (1977), 66 Ill. 2d 642. There, plaintiff was employed in a school building which was being remodeled. While leaving from the rear door, she fell from a scaffold and was injured. The court noted (52 Ill. App. 3d 233, 236):

"In walking upon the scaffold when she left her employment in the school building, plaintiff in this case was neither a construction worker nor engaged in a hazardous occupation, she was not involved in the construction, alteration or repair of any structure or building, and she was not concerned with the building or repair of a structure. She was, therefore, not protected by the Act. This interpretation is in harmony with *Bitner v. Lester B. Knight & Associates, Inc.* (1974), 16 Ill. App. 3d 857, 307 N.E.2d 136. In *Bitner*, plaintiff, employed as an electrician in the maintenance department of a company, was injured by falling from a beam he was crossing to get to a conveyor. He was held not to be covered by the Act because he

was not a 'construction worker' involved in the construction, alteration or repair of any building or structure. As in this case, the plaintiff in *Bitner* appears to have walked on the beam he fell from only because it was a convenient means of getting to another part of the plant where he was working."

See also *Lavery v. Ridgeway House, Inc.* (1969), 117 Ill. App. 2d 176, 184-85, 254 N.E.2d 117.

In *Long, Wright* and *Lavery* the plaintiffs were clearly "legitimately" on the construction site. Nevertheless, the courts denied their Structural Work Act claims and held plaintiffs were required to establish they were involved in the construction process in some degree to be protected by the Act.

Plaintiff relies upon the following authority to support the proposition that he was engaged in the construction process. We find these cases inapposite to the case at bar for the following reasons:

(1) *Kelly v. Northwest Community Hospital* (1978), 66 Ill. App. 3d 679. The court rejected a Structural Work Act claim. Plaintiff's decedent had been treated for mental illness. He wandered onto a construction site, went to the top of an uncompleted section of a building which was under construction and fell or jumped. Plaintiff cites dicta where the court noted that plaintiff "was not employed as a worker on the construction site, and was not engaged in any legitimate activity at the site." (66 Ill. App. 3d 679, 683.) We cannot interpret *Kelly* as requiring the type of expansive application of the Act urged by plaintiff.

(2) *Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121. The court held a window washer working on a scaffold was protected by the Act. The court noted, " '[t]he business of washing windows, as such, in large cities, is as much a part of maintenance of buildings as would be the replacing of glass in windows, the painting and decorating of the buildings, or the re-pointing of the outside where the mortar between the bricks is giving way'." 55 Ill. 2d 121, 127-28, quoting *Chicago Cleaning Co. v. Industrial Board* (1918), 283 Ill. 177, 118 N.E. 989.

(3) In *Warren v. Meeker* (1973), 55 Ill. 2d 108, 302 N.E.2d 54, the court held a farmhand repairing a silo while standing on a ladder was protected by the Act. The court rejected the argument that agricultural workers were not covered by the Act because of "the plain language of section 1 of the Act which extends protection to 'any person' engaged on a ladder while repairing a structure." 55 Ill. 2d 108, 113.

(4) In *Quinn v. L.B.C., Inc.* (1981), 94 Ill. App. 3d 660, 418 N.E.2d 1011, *appeal denied* (1981), 85 Ill. 2d 575, the court held a

city inspector injured by a fall while inspecting a construction site was under the protection of the Act. There, the court stressed that "[p]laintiff, in his role as an inspector, played a vital part in the construction process. He entered the site for the purpose of evaluating the fire's effect on the building's structural integrity." 94 Ill. App. 3d 660, 662.

(5) Finally, in *Bennett v. Musgrave* (1970), 130 Ill. App. 2d 891, 266 N.E.2d 128, a nonemployee was injured while inspecting a construction site at the request of the builder. The court held plaintiff was covered by the Act. There, the plaintiff was actually engaged in the process of inspection, as in *Quinn*. Furthermore, he was covered by the statute because he was "passing under" a scaffold, precisely as stated in the pertinent statute, when he was injured by a falling wrench. Thus the court held the scaffold was involved in plaintiff's injury. 130 Ill. App. 2d 891, 895.

In all five of the cases cited above, plaintiffs had direct contact with the construction process or with closely allied maintenance. In the case at bar, plaintiff was engaged in rendering medical assistance to an individual workman. The activities of plaintiff as a firefighter cannot be considered as being generally within the "construction process." A firefighter usually has no connection with construction. The plaintiff's presence on the construction site in the case before us was the result of an extraordinary emergency, and was for the limited purpose of personally assisting the distressed worker.

This situation in turn is far different from the situation in which a city inspector is hurt during the construction process, as in *Quinn*. The services of the inspector are directly essential to completion of the construction process. The profession of city inspector would necessarily involve greater contact with the dangers of construction itself than would the profession of firefighter. Therefore, we find complete consistency in the holdings that the statute authorizes the inclusion of city inspectors but not of firefighters.

Upon consideration and comparison of all of the cases above cited, we conclude the judgment appealed from should be and it is affirmed.

Judgment affirmed.

McGLOON and O'CONNOR, JJ., concur.