CLARENCE DEIBERT, Plaintiff-Appellant, v. BAUER BROTHERS CONSTRUCTION COMPANY, INC., *et al.,* Defendants-Appellees.

Fifth District   No. 5—85—0489

Opinion filed July 23, 1986.

HARRISON, J., specially concurring.

Cook, Shevlin, Keefe & Chatham, Ltd., of Belleville (Bruce N. Cook, of counsel), for appellant.

John F. O'Connell, of Belleville, for appellee Bauer Brothers Construction Company.

JUSTICE JONES delivered the opinion of the court:

Plaintiff, Clarence Deibert, brought this action to recover damages under the Structural Work Act (Ill. Rev. Stat. 1985, ch. 48, par. 60 *et seq.*) for personal injuries he sustained from falling in a tire rut while working on the construction of a building in Belleville. The trial court granted defendant's motion for summary judgment from which the plaintiff in this case appeals.

On September 8, 1981, plaintiff allegedly injured his back while working on the construction of a building in Belleville. At the time of his injury, plaintiff was employed as an electrician for Fritz Electric Company, a subcontractor for defendant Bauer Brothers Construction Company. A lull, which is a crane-like device, was being used in the construction process to transport bricks.

As plaintiff was leaving a portable toilet, which had been placed on the construction site, he slipped and fell in a tire track or rut that had been left by a passing lull. The lull was approximately 200 yards away from the plaintiff at the time of his fall. Plaintiff filed suit against defendant, Bauer Brothers Construction Company, under the Structural Work Act, alleging that the lull was not operated in such a way as to protect the life and limb of persons engaged in or passing by the structural activity. Defendant filed a motion for summary judgment, asserting that plaintiff failed to state a cause of action under the Structural Work Act. The circuit court granted defendant's motion. On appeal plaintiff asserts that the Structural Work Act applies in this cause because the plaintiff's injury was caused by a defect in the use of the crane-like device, the lull, at the building construction site and, therefore, summary judgment was improper.

■■ ■ Although the Structural Work Act is to be liberally construed to protect construction workers engaged in hazardous activities (*Grant v. Zale Construction Co.* (1982), 109 Ill. App. 3d 545, 440 N.E.2d 1043), it has never been interpreted to cover any and all construction activities whatsoever (*Crafton v. Lester B. Knight & Associates* (1970), 46 Ill. 2d 533, 536, 263 N.E.2d 817). The Act provides:

> "All scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, or other structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon, or passing under or by the same, and in such manner as to prevent the falling of any material that may be used or deposited thereon."

Thus, the statute specifically enumerates which devices are intended to be covered under the Act. Plaintiff incorrectly believes that because the tire tracks were made by a lull, which admittedly is a crane-like device, this action automatically falls within the scope of the Act. However, ruts or tire tracks left in soft ground or mud at a construction site simply cannot be deemed to be, or construed to be, a "scaffold, hoist, crane, ladder, support or other mechanical contrivance" as specified in the Structural Work Act, and the fact that those ruts or tire tracks were caused by a hoist, crane or other mechanical contrivance cannot convert ruts or tire tracks in the mud into one of the devices mentioned in the Act.

Plaintiff insists, however, that he is entitled to recover under the Structural Work Act because the tire tracks were caused by a defect in the use of the lull. The Act requires that the "crane or other mechanical contrivance shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon, or passing under or by the same." Logically, then, there are two categories of persons protected under the statute, those who are actually working on the device and those who pass by or under the same. (*Urman v. Walter* (1981), 101 Ill. App. 3d 1085, 428 N.E.2d 1051.) Although a lull is a crane-like device, it was not involved in plaintiff's fall, nor was plaintiff "passing by" the lull at the time of his injury. In fact, as we have stated, the lull was approximately 200 yards away from the site where plaintiff fell. Plaintiff cites as support *McMahon v. Gorazd, Inc.* (1985), 135 Ill. App. 3d 211, 481 N.E.2d 787, which enumerated seven statutory elements that a plaintiff must establish in order to recover under the Structural Work Act. However, even under *McMahon,* plaintiff fails to establish the first element, which requires the plaintiff to have been "engaged on passing under or by" the structural activity. Plaintiff argues that the court should not only look to what he was doing at the precise moment of his accident but also look at his actions in a much broader context, citing *Simmons v. Union Electric Co.* (1984), 121 Ill. App. 3d 743, 460 N.E.2d 28. However, the court in *Simmons* looked to a broad context in order to effectuate the Act's purpose of protecting persons injured because of the hazardous nature of construction activity. Even considering plaintiff's claim in a "broad context" cannot bring it within the scope of coverage of the Act.

■ The purpose of the Structural Work Act is to prevent injuries to persons employed in dangerous and extrahazardous activities (*Crafton v. Lester B. Knight & Associates* (1970), 46 Ill. 2d 533, 263 N.E.2d 817); however, the injury must be connected with the hazardous nature of the device involved in order to claim a Structural Work Act violation (*Urman v. Walter* (1981), 101 Ill. App. 3d 1085, 428 N.E.2d 1051). Here, plaintiff's fall in the tire tracks cannot be attributed to any hazardous nature of the lull. In *Cooley v. Central Illinois Public Service Co.* (1982), 110 Ill. App. 3d 685, 442 N.E.2d 1330, plaintiff fell from the cab of a crane that was temporarily out of service for repair work. The plaintiff in *Cooley* accredited his fall to the muddy shoes that he was wearing at the time of his fall. Subsequently, he filed a claim under the Structural Work Act alleging that operating a crane on a muddy construction road was in violation of

the Act. This court held that operating a crane on a muddy roadway has nothing to do with the safe operation of a crane. Similarly, here, leaving tire tracks in the ground has nothing to do with the safe operation of a lull. "[I]t would be an unnatural interpretation of the Act to extend its coverage further to include alleged defects which do not involve a functional or operational defect of a mechanical contrivance." (*Rayfield v. Homart Development Co.* (1981), 100 Ill. App. 3d 620, 623, 427 N.E.2d 193, 196.) Since ruts or tire tracks on the ground caused by a piece of construction equipment do not constitute a functional or operational defect of the lull, they are not within the scope of coverage of the Structural Work Act. Further, the court in *Rayfield* stated that "the object to be attained by the Act would not be effectuated by interpreting the Act so that it would impose liability for such defects upon those persons named in the Act, where the normal workmen's compensation and tort remedies remain to give relief to an injured worker." (100 Ill. App. 3d 620, 623, 427 N.E.2d 193, 196.) In sum, the Structural Work Act is not intended to impose liability for an injury sustained from tire tracks or ruts that were left in the ground by a crane-like device at a construction site.

■■ ■ Since the material facts in this case are not in dispute, the defendant was entitled to judgment as a matter of law. Summary judgment is proper where the material facts are not in dispute and the controversy is over the proper construction of the Structural Work Act and whether the facts sustain a cause of action. (*St. John v. City of Naperville* (1982), 108 Ill. App. 3d 519, 439 N.E.2d 12; *Rayfield v. Homart Development Co.* (1981), 100 Ill. App. 3d 620, 427 N.E.2d 193.) Accordingly, we conclude that the trial court properly entered summary judgment in favor of the defendants, and the judgment is affirmed.

Affirmed.

KARNS, J., concurs.

JUSTICE HARRISON, specially concurring:
While I concur with the result reached in the majority opinion because plaintiff was not "passing by" the lull at the time of his injury, I cannot concur in the discussion regarding the requirement of a functional or operational defect of the lull for the reasons stated in the dissenting opinion in *Cooley v. Central Illinois Public Service Co.* (1982), 110 Ill. App. 3d 685, 694-95, 442 N.E.2d 1330, 1336-37 (Harrison, J., dissenting).