JUSTICE LEAPHART
delivered the Opinion of the Court.
John Wilson (Wilson) appeals, and Robert Vukasin (Vukasin) cross-appeals from the Findings of Fact and Conclusions of Law of the Twelfth Judicial District Court, Hill County, concluding that the Montana Scaffolding Act § 50-77-101 to -107, MCA (1991), is not applicable to the facts of this case. We reverse the District Court’s conclusion that the Montana Scaffolding Act does not apply and, therefore, do not consider the cross-appeal.
Wilson raises the following issue on appeal:
Did the District Court err in concluding that the Montana Scaffolding Act did not apply to the facts of this case?
On September 2,1992, Wilson, an independent insurance adjustor, went to Vukasin’s residence to inspect the premises for hail damage. Vukasin’s ladder was used to gain access to the roof of the garage. Both men climbed onto the roof and Wilson performed his inspection. After the inspection was completed, Wilson began descending the ladder while Vukasin remained on the roof. While Wilson was climb *425 ing down the ladder, it “walked” out from under him and he fell to the concrete slab below injuring his right heel.
In its Findings of Fact and Conclusions of Law, the District Court determined that the ladder was placed at too small of an angle and that the ladder was generally inadequate for the task. The court noted that the ladder’s base was too narrow, that its legs were rounded where they met the concrete slab, and that it was “old, weathered and flexed too much, allowing it to slip more easily.”
The District Court concluded that the Montana Scaffolding Act (the Act) did not apply because the ladder was not a scaffold nor was the ladder used as a working place. Because the court concluded that the Act did not apply, the court invoked the doctrine of comparative negligence. The court reduced Wilson’s damage award by 50 percent because it found that he had failed to use ordinary care in selecting and using the ladder.
On appeal, Wilson argues that the District Court erred in failing to apply the Act. According to Wilson, had the District Court properly applied the Act, the comparative negligence statute, § 27-1-702, MCA, would not have been applicable because once it is shown that a violation of the Act was the proximate cause of the injury, liability becomes fixed. Steiner v. Department of Highways (1994), 269 Mont. 270, 278, 887 P.2d 1228, 1233.
The District Court recognized that the question of whether the ladder was a scaffold was a “close call” and ultimately concluded that it was not a scaffold. We review the District Court’s conclusion of law — that the Act did not apply — to determine whether the court’s interpretation of the law was correct. Stratemeyer v. Lincoln County (1996), [276 Mont. 67], 915 P.2d 175, 177 (citing Carbon County v. Union Reserve Coal Co. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686); Loney v. Milodragovich, Dale & Dye, P.C. (1995), 273 Mont. 506, 510, 905 P.2d 158, 160.
Wilson’s fall occurred in 1992. We have previously determined that the 1995 amendments to the Act cannot be applied retroactively. Porter v. Galarneau (1996), [275 Mont. 174], 911 P.2d 1143, 1150. Thus, we must apply the version of the Act applicable at the time of the accident. As of 1992, § 50-77-101, MCA (1991), provided that:
All scaffolds erected in this state for use in the erection, repair, alteration, or removal of buildings shall be well and safely supported, of sufficient width, and properly secured so as to ensure the safety of persons working on them or passing under them or by them and to prevent them from falling or to prevent any *426 material that may be used, placed, or deposited on them from falling.
We have defined “scaffolding” to include “any device utilized by workmen to allow them to work where a fall might result in serious injury.” Porter, 911 P.2d at 1147 (citing Steiner, 887 P.2d at 1233). This Court has previously held that, under the pre-1995 version of the Act, a ladder is considered a scaffold. Porter, 911 P.2d at 1147 (citing Mydlarz v. Palmer/Duncan Constr. Co. (1984), 209 Mont. 325, 338, 682 P.2d 695,702). Thus, the ladder used by Wilson was a scaffold for purposes of the pre-1995 Act.
Further, this Court has determined that where the Act applies, “the mandatory nature of the statute forecloses the common-law defenses of assumption of the risk, contributory negligence, and negligence of a fellow servant.” Steiner, 887 P.2d at 1233 (citation omitted).
The Act provides that all scaffolding “shall be well and safely supported, of sufficient width, and properly secured.” Failure to comply with the Act constitutes negligence per se. Steiner, 887 P.2d at 1233. The District Court found that the ladder was too narrow, too flexible, not placed at the proper angle, and not properly secured because of the rounded legs. Thus, the District Court concluded that the inadequacy of the ladder was a proximate cause of Wilson’s injuries; however, the court also determined that the Act did not apply. As we held in Steiner, the defense of contributory negligence is not available under the Act. Thus, the District Court erred in applying contributory negligence and in reducing Wilson’s damage award pursuant to § 27-1-702, MCA.
In addition, the District Court determined that the ladder was not “used as a working place” and, therefore, that the Act did not apply. Section 50-77-101, MCA (1991), provides that the Act applies where a scaffolding is used in “the erection, repair, alteration, or removal of buildings.” Apparently, the court reasoned that, as an insurance adjustor, Wilson was not erecting, repairing, altering or removing a building at the time of his injuries. Wilson argues that the District Court interpreted the Act too narrowly. We agree. At the time of the accident, Wilson was inspecting Vukasin’s roof for hail damage. This inspection was integral to the repair of the roof as the cost of the damage had to be determined for Vukasin’s insurance claim. Wilson was on the roof to make this determination and facilitate the repair.
*427 In Mydlarz, this Court cited Quinn v. LBC, Inc. (Ill. Ct. App. 1981), 418 N.E.2d 1011, in discussing the purposes of the Act and in deciding that the term “scaffolding” includes a ladder. We find Quinn to be instructive in determining whether Wilson was using the ladder as a “working place.” Quinn was an inspector for the City of Chicago Building Department and was injured while inspecting a building following a fire. The Illinois Court of Appeals concluded that Quinn was covered by Illinois’ scaffolding act, stating that:
Plaintiff, in his role as an inspector, played a vital part in the construction process. He entered the site for the purpose of evaluating the fire’s effect on the building’s structural integrity. Performance of this task necessitated his presence within and upon the building.... A liberal interpretation of the Act... requires that plaintiff be included within the class of persons the Act is intended to protect.
Quinn, 418 N.E.2d at 1013. Similarly, Wilson utilized the ladder to access the roof to inspect the damage, and ultimately, to facilitate the repair of Vukasin’s roof. As the Illinois Court of Appeals recognized in Quinn, an inspector, such as Wilson, is within the ambit of the Act’s coverage.
We determine that District Court erred in concluding that the Act did not apply. Accordingly, we hold that the District Court erred by invoking the doctrine of comparative negligence and in reducing Wilson’s award by 50 percent. Because the Act applies, it is unnecessary for this Court to consider Vukasin’s cross-appeal.
Reversed with direction to enter judgment in Wilson’s favor for the full amount of his damages.
JUSTICE NELSON, HUNT and TRIEWEILER concur.