JUSTICE ERDMANN
dissenting.
The majority, in construing the 1991 version of the Scaffold Act as set forth in § 50-77-101, MCA, has determined that the ladder used by Wilson was a scaffold for purposes of this Act. While I agree with that determination, the majority’s conclusion that Wilson, as an independent contractor, was within the ambit of the Act’s coverage extends the Act beyond any of our previous interpretations.
Wilson is an independent insurance adjuster who contracts with insurance companies to provide claims adjusting services. In this case, Vukasin’s insurer, Austin Mutual, contracted with Wilson through Erickson-Baldwin, an independent insurance agency in Havre, to readjust a hail damage claim to Vukasin’s property. While *428 inspecting Vukasin’s property, Wilson fell from a ladder that had been provided by Vukasin. There was no employment or contractual relationship between Wilson and Vukasin, and Vukasin had no authority to control, direct, or supervise Wilson’s performance.
We discussed the language of the Scaffolding Act in State ex rel. Great Falls National Bank v. District Court (1969), 154 Mont. 336, 463 P.2d 326. In that case, it was necessary to determine what persons owed the duty that was imposed by the Scaffolding Act because the language employed to describe the duty was expressed in passive voice and failed to specify what persons owed the duty. We held that it was clear the Legislature did not intend to grant multiple remedies or damages to injured workmen by allowing one recovery against the landowner, another against the general contractor, a third against the subcontractor, and so forth. We further held that the Legislature intended only to make injured workmen whole by granting them relief against the person, firm, or corporation having direct and immediate control of the work involving the use of scaffolding.
We specifically overruled our dictum in Pollard v. Todd (1966), 148 Mont. 171, 418 P.2d 869, and Joki v. McBride (1967), 150 Mont. 378, 436 P.2d 78, which suggested that a landowner not in control of the work being completed owed an absolute, nondelegable statutory duty to a scaffold worker or others. Great Falls Nat’l Bank, 154 Mont. at 344, 463 P.2d 326. The individual who was injured in Great Falls Nat’l Bank was the employee of an independent contractor who had been hired to complete the project under the contractor’s own guidance and supervision. We held that the bank, being simply the owner of the property and not the employer of the injured individual, had no direct control over the work performed and therefore was not liable under the Scaffolding Act.
The direct and immediate control analysis has since been consistently utilized by this Court to determine whether the Scaffolding Act applies. In Mydlarz v. Palmer/Duncan Construction Co. (1984), 209 Mont. 325, 339, 682 P.2d 695, 703, we noted that both defendants were acting as general contractors in control of the work area and, without reaching the question of which party was immediately responsible for failing to provide adequate scaffolding, held that the failure invoked the Scaffolding Act’s applicability. This determination of direct and immediate control was not premised on who was or was not present at the time of the incident, but rather on who had direct control and supervision over the actual work performed.
*429 Recently we have applied this analysis in Porter v. Galarneau (1996), [275 Mont. 174], 911 P.2d 1143. In Porter, we distinguished our holding in Great Falls Nat’l Bank that a landowner does not have fixed liability based solely on his ownership of the property by noting that in Porter the parties had stipulated that for purposes of appeal the landowner was also the employer of the injured individual. The injuries of the worker occurred while he was completing a task assigned to him by his employer who was absent from the property. We held that the employer was the only individual who could provide immediate direction and supervision of his worker for purposes of the Scaffolding Act.
The majority relies on an Illinois appellate decision for its assertion that Wilson, as an independent contractor, falls within the scope of the Scaffolding Act. Quinn v. L.B.C., Inc. (Ill. Ct. App. 1981), 418 N.E.2d 1011. In Quinn the Illinois Appellate Court found that the Illinois Structural Work Act was intended to protect a city inspector who was inspecting a building damaged by fire. Although finding that the inspector was involved in the “construction process,” the Court ultimately held the Act did not apply since the inspector was injured when he fell while walking on the ground floor of the building which was not being used as a scaffold. Relying on Quinn, the majority concludes that because Wilson was using the ladder as a “working place” to inspect damage on the roof which would ultimately facilitate the repair of the roof, he was therefore within the scope of the Act. The majority however failed to complete the required analysis and determine whether Vukasin was an individual who owed a duty to Wilson under the Act.
Wilson, as an independent contractor, was contracted by Vukasin’s insurance agency to readjust the hail damage to Vukasin’s property. Vukasin did not contact Wilson personally nor was his presence necessary for this inspection. The “person, firm, or corporation having direct and immediate control of the work involving the use of scaffolding” was either Wilson himself as an independent contractor, or arguably the insurance company. What is clear is that Vukasin had no direct and immediate control of Wilson.
I would therefore hold that the Montana Scaffolding Act does not apply and that the judgment of the District Court finding the plaintiff and the defendant equally at fault under comparative negligence principles should be affirmed.
CHIEF JUSTICE TURNAGE and JUSTICE GRAY join in the foregoing dissenting opinion.