Lawrence E. Thon, Plaintiff-Appellee, v. Steve Johnson and Rubin P. Bartels, d/b/a Johnson and Bartels, Defendants-Appellants.

Gen. No. 11,441.

Second District, First Division.

May 6, 1961.

Matthews, Jordan, Dean & Suhler, of Aurora, for appellants.

John L. Roach, of Chicago, and Ralph T. Carroll (address unknown) for appellee.

McNEAL, J.

This is a suit based upon the Scaffold Act (Ill. Rev. Stat. 1959, chap. 48, pars. 60–69). Judgment for plaintiff was entered on a verdict for $8,000.00, defendants' post trial motion was denied, and this appeal followed.

The evidence shows that the plaintiff, Lawrence T. Thon, was an electrician. He was injured while working on a residence under construction in Villa Park. The residence was located on the east side of Princeton Avenue and consisted of a one-story brick bungalow with a garage attached to the south side of the house. Access to the garage was through a kitchen door near the east end of the wall between the house and the garage. A stairway descending west to east along the north wall of the garage led to a door in the south wall of the basement, directly under the kitchen door. Defendants' workmen had completed construction of the concrete stairway to the basement and a concrete floor in the garage. However, at the time of the accident, an area about four feet square in the northeast corner of the garage had not been covered, so that a person entering the garage from the kitchen was confronted by a gap in the garage floor six to eight feet deep.

On the Friday preceding the accident defendants' workmen, George Cutting and Donald Frier, commenced construction of a form for a concrete slab to cover this opening or stairwell in the garage floor. The form consisted of a two by eight extending from the west side of the garage door south across the opening and about four inches onto the concrete floor of the garage, and another two by eight laid on the garage floor to the east wall of the garage. The two by eights were on edge, nailed or spiked together at the corner, and nailed or spiked to the north wall of the garage at the west side of the door and also to the east side of the garage. The intention was to place a plywood bottom in the form, brace it, and pour the slab. The bottom had not been placed in the form when plaintiff was injured.

On the following Monday, November 21, 1955, plaintiff and another electrician went to work at this

318

residence. It became necessary for plaintiff to work on a switch box on the north wall of the garage and to the west side of the door leading from the garage into the house. In order to accomplish his task, plaintiff stood on the two by eight which bridged the gap made by the stairwell. The nails holding the two by eight pulled loose, the board gave way and plaintiff fell to the bottom of the stairwell, incurring the injuries which gave rise to this suit.

Defendants' main contention is that the board upon which plaintiff was standing at the time he was injured was not a scaffold within the meaning of the statute. Par. 60, Ch. 48, Ill. Rev. Stat. 1959 reads as follows:

> "That all scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, or other structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection, to the life and limb of any person or persons employed or engaged thereon, or passing under or by the same, and in such manner as to prevent the falling of any material that may be used or deposited thereon."

There is little authority in Illinois as to what does and what does not constitute a scaffold within the meaning of the statute. In Legowski v. Moreland & Co., 195 Ill. App. 377, plaintiff was injured when he fell while walking across some open floor joists. Plaintiff claimed a violation of the Scaffold Act, but the Court said:

319

"This Section (Sec. 1 of Scaffold Act) covers the construction of scaffolds, hoists, cranes, etc., and has no application to the facts concerning the present accident. The fall of plaintiff has no connection with any of the appliances mentioned in this act."

While there is little authority in Illinois on the subject, the courts of New York have considered the question a number of times in construing a statute similar to the Illinois Scaffold Act. In Haughey v. Thatcher, 89 App. Div. 375, 85 N.Y.S. 935, plaintiff was engaged in constructing brick arches. The bricks were laid on temporary arches which were subsequently removed, the bricks then forming the permanent arches. In the course of his work, plaintiff stood on a temporary arch which gave way, causing him to fall to the floor below. The men working on the arches were furnished with scaffolding but it was their habit to stand on the temporary arches because the work could be done more easily and in less time. Plaintiff contended that the temporary arch was a scaffold within the meaning of the New York statute, but the Court said (page 937):

"I do not think that the temporary arch can be so regarded. Its primary purpose was to support and shape the permanent arch until that arch should be set and hardened sufficiently to justify the removal of the temporary structure. It no more became a scaffold because of the habit of men stepping on it while at work than would a wall or beam temporarily constructed to hold up some part of the structure during its creation because it might be used by the men to steady or sustain their weight for personal convenience in working."

In Ericson v. Bradley Contracting Co., 150 N.Y.S. 169, plaintiff's intestate, a carpenter, was engaged in cutting a hole in the side of a lumber chute which carried concrete from the street into the subway. In the course of his work he stood on a water pipe 18 feet above the bottom of the subway. The pipe gave way, causing him to fall to his death. It was contended that the pipe was a scaffold, but the New York Court, while recognizing that the statute should be liberally construed, stated (page 170):

> "A temporary resting place for footing or support is incidental to the performance of the work, and to call such place a 'scaffold' is a wrench, not only of the language, but of the intent, of the Legislature."

In Adelstein v. Roebling Const. Co., 95 Misc. Rep. 125, 159 N.Y.S. 36, plaintiff, an iron worker, was injured when he stepped on a concrete form which was nailed together and which gave way, causing plaintiff to fall to the floor below. Plaintiff contended that the concrete form was a scaffold, but the Court said (page 38):

> "The 'form' which gave way below the plaintiff's weight in the case at bar was not intended, designed, or constructed for the purpose of supporting a workman in any event or on any occasion. It was used and intended to be used exclusively as a framework to contain and hold, while hardening, a section of concrete which, when 'set' became a part of the floor. Even if the defendant, or one of its representatives having adequate authority, either permitted or authorized persons occasionally to step upon or pass over this 'form', while it might under appropriate circumstances be held for negligence in that regard, that would not

change the character of the structure into a scaffold".

In view of the foregoing authorities we do not feel that the cement form upon which plaintiff stood in the case at bar can be considered to be a scaffold within the meaning of the statute. We are aware of the rule that our statute should be liberally construed, but if the statute were construed so as to cover the concrete form involved in this case, such a construction of the statute would be equivalent to holding that each and every place where a workman chooses to stand thereby becomes a scaffold within the meaning of the statute. No authorities have been cited which would justify such a construction. On the contrary, the authorities discussed herein appear to be quite pertinent and lend support to our conclusion that the concrete form involved in this case was not a scaffold within the meaning of the statute. In view of this conclusion, it is not necessary for us to determine the various other questions raised by the defense. We therefore hold that the judgment entered by the Circuit Court of DuPage County should be and it hereby is reversed.

Judgment reversed.

SMITH, P. J. and DOVE, J., concur.