BYONG K. CHOI, Plaintiff-Appellant, v. COMMONWEALTH EDISON COMPANY *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 84—52

Opinion filed December 19, 1984.

Fred Lane and Thomas J. Nathan, both of Lane & Munday, of Chicago, for appellant.

John W. Bell and Robert Bell, both of Johnson, Cusack & Bell, Ltd., and Edward C. Purcell and Sandra Young, both of Purcell & Wardrope, Chartered, both of Chicago, for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Byong K. Choi, brought this action against defendants, Commonwealth Edison Company and Bechtel, Inc., seeking recovery for injuries suffered when plaintiff fell on a concrete floor while working at a construction site. In one count, plaintiff alleged that defendants violated the Structural Work Act (Ill. Rev. Stat. 1983, ch. 48, pars. 60 through 69). The trial court granted defendants' motion for summary judgment as to that count. Plaintiff appeals, urging that his injuries occurred on a support within the scope of the Structural Work Act.

Plaintiff was employed by Universal Power Piping, Inc., as a

pipefitter. On January 10, 1979, plaintiff was working at Commonwealth Edison's Dresden nuclear power plant in Morris. Bechtel was the general contractor. The incident involving plaintiff occurred in the turbine building of the Dresden Unit 1 complex. Plaintiff was transporting pipes on the uppermost deck level of the turbine building, approximately 30 to 40 feet above the ground floor. The floor of the turbine deck area was made of concrete and was completely constructed.

On the day of the accident, plaintiff had been moving carbon steel pipes through the turbine deck area to the reactor building. These pipes were transported from the outdoors, where they had been stored. They were covered with ice and snow. Many of the pipes were eight inches in diameter and up to 20 feet in length. They were raised by a crane to the turbine deck area. Once the pipes reached the turbine deck area, they had to be taken from the crane, placed on a cart and moved through the interlock hatch to the reactor building.

The interlock hatch and access tunnel connected the turbine building to the reactor building. The floor of the interlock hatch was four to six inches lower than the adjacent floors of the turbine deck area and reactor building. Four aluminum spacers were used to make the interlock floor level with the floor of the turbine and reactor buildings. Before moving the cart carrying longer pipes into the tunnel, employees of Universal had to remove certain aluminum spacers. This procedure was necessary in order to angle the pipes so that the safety door of the tunnel could be closed. The turbine deck area was the only place available to deliver the longer pipes for subsequent transport into the reactor building.

Plaintiff and a co-worker, John Dalton, received four to six pipes on the turbine deck and transported them to the interlock hatch. The concrete deck floor had patches of water and ice on it. Snow and ice had melted and dripped from the pipes onto the floor during the transport to the hatch. Plaintiff and Dalton next brought a 20-foot pipe into the interlock and removed the first aluminum spacer from the interlock hatch. The two men were moving a second spacer from the hatch to the turbine deck area, with plaintiff holding one end of the spacer and Dalton holding the other end. While plaintiff was walking backward facing Dalton, he slipped on the wet turbine deck and fell backward. Plaintiff landed on another spacer and the spacer which he was carrying fell on top of him. As a result, plaintiff was injured.

Plaintiff brought a multicount action against several defendants,

including Commonwealth Edison and Bechtel, alleging negligence and violations of the Structural Work Act. Pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—615), Commonwealth Edison and Bechtel moved to dismiss the count based on defendants' alleged violations of the Structural Work Act. By agreement among the parties, the court heard the motion to dismiss as a motion for summary judgment. This appeal arises from the order granting defendants' motion for summary judgment as to count IV. The counts based on negligence against Commonwealth Edison and Bechtel are presently pending in the trial court.

On appeal, plaintiff contends that the turbine deck level where the injury occurred was a platform or support within the scope of the Structural Work Act. Plaintiff's theory is that the deck was used as a sole support for plaintiff while he was engaged in construction work and was, therefore, a support under the Act.

A permanent part of the structure, such as a roof, can be used temporarily as a support. (*Crothers v. La Salle Institute* (1977), 68 Ill. 2d 399, 370 N.E.2d 213.) However, a completed, permanent floor of a building under construction has not been considered a support device within the ambit of section 1 of the Act. (*Tenenbaum v. City of Chicago* (1975), 60 Ill. 2d 363, 325 N.E.2d 607; *Quinn v. L.B.C., Inc.* (1981), 94 Ill. App. 3d 660, 418 N.E.2d 1011.) In deciding whether a particular surface or device is a support, our inquiry is directed to the identity of the object and how it was being used at the time of the injury. *Quinn v. L.B.C., Inc.* (1981), 94 Ill. App. 3d 660, 418 N.E.2d 1011.

In the present case, plaintiff sustained an injury on a completed concrete floor. No part of the structure was used in lieu of scaffold or support because none was necessary. Plaintiff fell on a wet, slippery floor, but it was not a support. A floor is a floor and not a support device above a floor.

Plaintiff's contention that *Tenenbaum* and *Quinn* are distinguishable is not persuasive. He argues that they are not controlling because the workers in those cases were not performing construction work when they were injured. In *Tenenbaum*, a foreman was inspecting the intermediate level of flooring and fell to the lower level. In *Quinn*, plaintiff was evaluating structural work caused by a fire when he slipped on the debris-covered ground floor. Both plaintiffs were involved in the construction process. Moreover, it is not the nature of the work performed, but the use of the surface or device that is dispositive. In both cases, as here, plaintiffs were using the surface as a pathway. Whether a surface is used as a pathway while

inspecting a work project or while carrying construction materials, it is still being used as a floor, not a support. "Simply stated, the floor was being used as a floor, the purpose for which it was designed." *Quinn v. L.B.C., Inc.* (1981), 94 Ill. App. 3d 660, 664, 418 N.E.2d 1011.

Plaintiff further argues that the floor was his sole source of support while working, and thus falls within the ambit of the Act. Taking plaintiff's position to its logical extreme, any surface upon which a worker walks or carries construction material, including the ground, could be considered a support. That proposition is an improper construction of the Act and has been rejected. See *Herman v. Swisher* (1983), 115 Ill. App. 3d 179, 460 N.E.2d 28; *Thon v. Johnson* (1961), 30 Ill. App. 2d 317, 174 N.E.2d 400.

■■ ■ While the Structural Work Act is to be liberally construed to effectuate its purpose of protecting construction workers (*McNellis v. Combustion Engineering, Inc.* (1974), 58 Ill. 2d 146, 317 N.E.2d 573), it should not be interpreted to compel coverage of every construction work injury (*Crafton v. Lester B. Knight & Associates, Inc.* (1970), 46 Ill. 2d 533, 263 N.E.2d 817). Moreover, the Act should not be extended by unnatural interpretations, especially where existing workers' compensation and tort remedies remain to afford relief to injured workers. (*Rayfield v. Homart Development Co.* (1981), 100 Ill. App. 3d 620, 427 N.E.2d 193; *Matthews v. Commonwealth Edison Co.* (1980), 90 Ill. App. 3d 1024, 414 N.E.2d 147.) The floor upon which plaintiff was walking was not a support within the scope of the Structural Work Act, and the trial court properly granted summary judgment on that count.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McGILLICUDDY and WHITE, JJ., concur.