ROBERT KITTLESON, Plaintiff-Appellant, v. UNITED PARCEL SERVICE, INC., *et al.*, Defendants-Appellees (W. E. O'Neill Construction Company, Defendant).

First District (1st Division)   No. 86—1676

Opinion filed October 13, 1987.

Louis Hilfman and Laurence J. Dunford, both of Louis Hilfman, Ltd., of Chicago, for appellant.

Michael Parker, of Law Offices of Roderick J. Bergin, of Chicago, for appellee Metz, Train & Youngren, Inc.

Paul M. Hummel, of Keevers & Hittle, of Chicago, for appellees United Parcel Service, Inc., and Brookind Corporation.

JUSTICE O'CONNOR delivered the opinion of the court:

This is an appeal from an order granting summary judgment to defendants United Parcel Service, Inc. (UPS), Brookind Corp., and Metz, Train and Youngren, Inc., on that count of plaintiff's complaint alleging violations of the Structural Work Act (Act) (Ill. Rev. Stat. 1981, ch. 48, pars. 60 through 69). Plaintiff raises the following issues on appeal: (1) whether the trial court abused its discretion by failing to permit plaintiff to depose three UPS construction engineers prior to the hearing on the motion for summary judgment; (2) whether the trial court erred in ruling that as a matter of law, the Structural Work Act was not applicable; and (3) whether a question of fact existed which would preclude a motion for summary judgment. We affirm.

The plaintiff, Robert Kittleson, was injured on April 10, 1981, when he and a fellow ironworker, George Habbick, were moving "noseovers," which were parts to a conveyor system being assembled at the UPS distribution center in Addison, Illinois. The two men were employees of the Ken Thelen Company, which was a subcontractor responsible for the erection of the conveyor system. The conveyor system was being erected inside of a building which was already completed. The noseovers were 60 inches long, 15 to 18 inches wide, weighed 200 to 300 pounds, and were made of structural steel.

The accident occurred in a paved parking lot outside the conveyor building as Kittleson and Habbick were moving various noseover parts from a storage area to a forklift truck, which they were then going to use to move the pieces to the inside of the building for assembly. As the two men walked together, with each holding an end of the noseover, Habbick tripped over some debris, which caused him to drop his end of the noseover. Kittleson was thrown to the left and struck the ground, suffering injury to his spine.

Plaintiff filed his original complaint on April 19, 1983, alleging violations of the Structural Work Act due to defendant's failure to clean debris off of the parking lot. An amended complaint was filed on October 25, 1985. The first count alleged that the defendants were engaged in the construction of a distribution center building containing loading facilities and conveyor systems and that a noseover was an integral part of the building. It further alleged that the storage area was so crowded and full of debris that it was not possible to move a hoist into the storage area in order to carry the noseovers and that the defendants violated the Structural Work Act by failing to utilize a safe hoist or hoisting method for the movement of the structural steel.

On December 2, 1985, the trial court granted defendants' motions for summary judgment on the Structural Work Act count of the amended complaint. That order was subsequently vacated and set for rehearing on May 23, 1986. After arguments on rehearing, the trial court sustained its original grant of summary judgment as to the Structural Work Act count of the amended complaint on the basis that it was not the unavailability of support for the noseover which caused the injury, but the fact that plaintiff's co-worker dropped his end of the noseover which caused plaintiff to fall. Plaintiff now appeals.

Plaintiff first argues that the trial court's refusal to continue the hearing on the defendants' motions for summary judgment in order to allow plaintiff to depose three UPS construction engineers constituted an abuse of discretion. He notes that the discovery depositions had been continued at defendants' request and contends that the evidence of the UPS engineers is central to whether the Structural Work Act is applicable. Plaintiff relies on *Hanes v. Orr & Associates* (1977), 53 Ill. App. 3d 72, 368 N.E.2d 584, in which this court found that the trial court had abused its discretion by granting a summary judgment without permitting the plaintiff to take the deposition of an employee who was central to the resolution of the summary judgment.

The plaintiff in *Hanes* was injured by a crane operated by an employee of one of the defendant corporations. After the defendant filed a motion for summary judgment, the plaintiff requested a stay of the proceedings in order to depose the crane operator to determine whether the corporation had surrendered full control over him as a loaned employee. The factual issue of whether the crane operator was a loaned servant was central to the resolution of the summary judgment, and, therefore, the trial court's refusal to grant the requested stay and the grant of summary judgment were found to constitute a manifest abuse of discretion.

Circumstances more analogous to those now before the court existed in *Schroeder v. Reddick Fumigants, Inc.* (1984), 128 Ill. App. 3d 832, 837, 471 N.E.2d 621, in which the court stated:

"Finally, plaintiff contends that the entry of summary judgment for the defendant was premature because the defendants had refused to produce certain witnesses for discovery. Had plaintiff believed that more facts needed to be determined prior to a ruling on the motions for summary judgment *** she could have filed an affidavit in compliance with Supreme Court Rule 191(b) (87 Ill. 2d R. 191(b)), setting forth the facts

to which she believed these witnesses would testify and her reasons for that belief. Having failed to do this, plaintiff cannot now complain that summary judgment was prematurely granted. [Citations.]"

See also *Wooding v. L & J Press Corp.* (1981), 99 Ill. App. 3d 382, 384-86, 425 N.E.2d 1055, *appeal denied* (1981), 85 Ill. 2d 582.

Although the plaintiff filed a motion identifying the witnesses, stating that he would be prejudiced and that the requested depositions were vital to the response to the motion for summary judgment, he did not file an affidavit pursuant to Rule 191(b), nor did he raise the issue of the possible testimony of the UPS engineers at the rehearing of defendants' motions for summary judgment. Under these circumstances, we do not believe that the trial court abused its discretion in granting defendants' motions for summary judgment without permitting plaintiff to extend the time for discovery in order to depose the UPS employees.

Moreover, in the present case, any deposition testimony by the UPS engineers would not have been essential to the determination of the issues in the summary proceeding. At issue was not a factual question, but whether plaintiff's activity was protected by the Structural Work Act; a legal question to be resolved by the court. (See *Vuletich v. United States Steel Corp.* (1987), 117 Ill. 2d 417, 421; *Page v. Corley Cos.* (1985), 131 Ill. App. 3d 56, 58, 475 N.E.2d 571.) Consequently, we must determine whether the trial court erred in ruling that as a matter of law, the case did not fall under the Structural Work Act.

The Structural Work Act provides in pertinent part:

"1. That all scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, or other structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon, or passing under or by the same, and in such manner as to prevent the falling of any material that may be used or deposited thereon." Ill. Rev. Stat. 1985, ch. 48, par. 60.

In his original complaint, plaintiff alleged violations of the Act due to defendants' failure to clean debris off of the parking lot. The amended complaint alleged a violation based upon the failure to pro-

vide or utilize a safe hoisting method for moving the steel noseovers to where they would be erected. Plaintiff notes that the Structural Work Act is to be liberally construed in order to carry out its clear legislative intent to protect employees during construction (*Quincy v. L.B.C., Inc.* (1981), 94 Ill. App. 3d 660, 662, 418 N.E.2d 1011, *appeal denied* (1981), 85 Ill. 2d 575, citing *Crafton v. Lester B. Knight & Associates, Inc.* (1970), 46 Ill. 2d 533, 263 N.E.2d 817), and that the question of whether a person on the ground can be covered under the Act falls within the liberal construction of the Act. *Urman v. Walter* (1981), 101 Ill. App. 3d 1085, 1092, 428 N.E.2d 1051, *appeal denied* (1982), 91 Ill. 2d 557.

■■ After reviewing the record, we believe the trial court was correct in concluding that the Structural Work Act did not apply. The building in which the conveyor system was to be constructed was complete and the plaintiff here was delivering component parts from storage to an area where they would be installed. The fact that the conveyor system was important to the operation of the UPS distribution center is not determinative of whether the conveyor system constituted a structure under the Act. (See *Innis v. Elmhurst Dodge, Inc.* (1985), 107 Ill. 2d 151, 156, 481 N.E.2d 709.) At issue is whether plaintiff's activities were an "integral part" of the erection operation (*McNellis v. Combustion Engineering, Inc.* (1973), 13 Ill. App. 3d 733, 740-41, 301 N.E.2d 96, *aff'd* (1974), 58 Ill. 2d 146, 317 N.E.2d 573), therefore entitling him to the protection of the Act.

The question of whether a worker on a construction site was performing work on a "structure" and was therefore entitled to the protection of the Act was recently discussed in *Bullistron v. Northern Builders, Inc.* (1984), 127 Ill. App. 3d 242, 468 N.E.2d 1281, *appeal denied* (1984), 101 Ill. 2d 581. The plaintiff in *Bullistron* was a worker on a construction site who was attempting to change the oil in a drilling machine located at a construction site. In order to get better leverage while tightening a fitting, he stood on a partially completed brick wall several feet high. He was knocked from the wall by a piece of wood that slipped out of the machine and struck him. He then sued for violations of the Structural Work Act, claiming that the wall he was standing on was an unsafe work support. In affirming the trial court's order granting summary judgment in favor of the defendant, the court concluded that the drilling machine was not a structure under the Act and therefore the plaintiff was not engaged in work covered by the Act at the time of his injury. (127 Ill. App. 3d 242, 246, 468 N.E.2d 1281.) As in *Bullistron*, the plaintiff here was not involved in construction work on a house, building,

bridge, viaduct or other structure within the requirements of the Structural Work Act, and thus his activities at the time of the injury were not covered by the Act.

Plaintiff's final contention is that the summary judgment was improperly granted because a triable issue of fact existed as to whether the failure to use a crane or hoist to move the noseovers into place was a violation of the Structural Work Act. He relies on *McNellis v. Combustion Engineering, Inc.* (1973), 13 Ill. App. 3d 733, 301 N.E.2d 96, *aff'd* (1974), 58 Ill. 2d 146, 317 N.E.2d 573, in which this court held that the failure to use a crane was a violation of the Act. He submits that the grant of summary judgment here was improperly grounded on the court's determination that the parking lot was not a structure when the real question at issue was whether the failure to provide a hoist to move the noseovers was a violation of the Act.

In resolving the question of whether the Structural Work Act was applicable in the present case, the trial court heard arguments both on the issue of whether the parking lot was a support under the Act and whether a crane was required to move the noseovers. The trial court had to determine not only whether plaintiff was working on a structure, but whether there was a support involved, whether the worker was dependent on the support and whether the injury in issue was related to the failure of the support used. See *Ashley v. Osman & Associates, Inc.* (1983), 114 Ill. App. 3d 293, 297, 448 N.E.2d 1011, *appeal dismissed* (1983), 96 Ill. 2d 537.

We are not persuaded by plaintiff's contention that the court failed to consider the need for a hoist in granting the motion for summary judgment. Nor are we persuaded that *McNellis* brings the injury here under the protection of the Act. In *McNellis*, the plaintiff's decedent was fatally injured while unloading two 20,000-pound pedestals from a railroad car at a construction site. An agreement between the defendant corporations provided that the unloading of the pedestals would be carried out in a safe and proper manner and in compliance with the requirements of the Structural Work Act. The unloading of the pedestals without the use of a crane, which was available and which had been used earlier that day for the same purpose, was found to be an integral part of the erection operation and therefore the Structural Work Act applied. (*McNellis v. Combustion Engineering, Inc.* (1973), 13 Ill. App. 3d 733, 301 N.E.2d 96, *aff'd* (1974), 58 Ill. 2d 146, 317 N.E.2d 573.) *McNellis* is distinguishable not only in that the supporting devices were required by contract, but because the pedestals being unloaded were integral to the erection of a structure included within the Act and because the plaintiff

in *McNellis* was engaged in the highly dangerous kind of construction activity that the Act was intended to cover. See *Vuletich v. United States Steel Corp.* (1987), 117 Ill. 2d 417, 423-24 (and cases cited therein).

■ The record here reflects that at the hearing on the motion for summary judgment, the trial court heard argument on this issue but determined that on the facts at bar, there was no real issue as to the need for a forklift truck or hoist being required to move the component parts. According to unrebutted evidence, the plaintiff and his co-worker were capable of lifting the noseovers and had already made at least one previous trip from the storage area to the forklift truck without the use of any mechanical support. We concur with the trial court's conclusion that it was not the absence of a device to support the noseover which caused plaintiff's injury but the fact that his co-worker slipped on debris on the parking lot pavement.

■ Although the Structural Work Act is intended to be liberally construed to protect construction workers engaged in certain hazardous occupations, it is not intended to cover all construction activities. (*Crafton v. Lester B. Knight & Associates, Inc.* (1970), 46 Ill. 2d 533, 536, 263 N.E.2d 817.) Accordingly, we affirm the order of the circuit court of Cook County granting summary judgment as to the Structural Work Act count of plaintiff's complaint.

Judgment affirmed.

BUCKLEY and MANNING, JJ., concur.