EDWARD PETER GANNON *et al.*, Plaintiffs-Appellants, v. COMMON-WEALTH EDISON COMPANY *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—88—2854

Opinion filed April 12, 1989.

Laird M. Ozmon, Ltd., of Joliet (Laird M. Ozmon and James P. Stevenson, of counsel), for appellants. ·

Hoffman, Burke & Bozick, of Chicago (Gary W. Bozick and David W. Moore, of counsel), for appellee Commonwealth Edison Company.

O'Connor & Schiff, of Chicago (Neil D. O'Connor, William C. Brittan and Loretta M. Griffin, of counsel), for appellee Westinghouse Electric Corporation.

JUSTICE McNAMARA* delivered the opinion of the court:

Plaintiffs, Edward Gannon and Judith Gannon, brought this action against defendants, Westinghouse Electric Company and Commonwealth Edison Company, seeking recovery for injuries suffered when Edward slipped while working at a construction site. Only one count of their complaint is involved in this appeal. In that count, plaintiffs alleged that defendants violated the Structural Work Act (Act) (Ill. Rev. Stat. 1981, ch. 48, pars. 60 through 69). The trial court granted defendants' motion for summary judgment as to that count. Plaintiffs appeal, urging that Edward's injuries occurred while performing an activity within the scope of the Structural Work Act.

Edward was employed by Phillips Getschow Co. as a pipefitter. On September 3, 1981, he was working at Commonwealth's Braid-

---

*Justice McNamara participated in this opinion prior to his transfer to the sixth division.

wood Power Station in Braidwood, Illinois. At that time, construction of the power station was under the control and supervision of several companies, including Westinghouse. Edward and his partner were working in the turbine building. They were transferring channel beams from one area to another area for stockpiling. The channel beams, seven to eight feet in length, are transferred from a "tub" by an overhead crane. The beams are brought up to the working platform, elevation 451 (a permanent floor), and are loaded into a cart. Workers then manually unload the beams from the cart. As Edward and his partner were picking up one of the beams from the cart, Edward's right foot skidded. He immediately felt pain across his back and down to his feet. Edward noticed oil, grease or water on the floor where he slipped.

Plaintiffs brought a three-count action against defendants. Count I of the complaint alleged a violation of the Structural Work Act. Westinghouse, joined by Commonwealth, filed a motion for summary judgment as to this count. This appeal arises from the order granting defendants' motion. (The remaining counts of the complaint, based on negligence and loss of consortium, presently are pending in the trial court.)

We initially consider plaintiffs' contention that there is a triable issue of fact regarding whether defendants' failure to provide a crane or hoist for the unloading of the channel beams from the cart was a violation of the Structural Work Act. Defendants counter that plaintiffs' failure to make such a charge in the complaint precludes this court from considering the issue.

■ The complaint alleged that Edward suffered injuries on a "temporary support, which was improperly placed, constructed and/or operated and otherwise unsafe and which caused plaintiff to fall." The complaint makes no mention of the "failure to provide" theory. Moreover, plaintiffs never properly presented a motion to amend the complaint to include this theory to the trial court. Nonetheless, plaintiffs did seek leave to amend the complaint to include this issue in their response to defendants' motion for summary judgment. The trial court did not rule on plaintiffs' request, but instead ruled on defendants' motion for summary judgment *as if* the allegations had been included in the complaint. Thus, the trial court considered the failure to provide theory. Consequently, we will review plaintiffs' contention that defendants' failure to provide a safe, suitable and proper hoist was a violation of the Act. Our review, however, is limited to those arguments presented in the trial court. *Vuletich v. Alivotvodic* (1979), 73 Ill. App. 3d 927, 392 N.E.2d 663.

■ The Structural Work Act provides in relevant part:

"That all scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, or other structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon, or passing under or by the same, and in such manner as to prevent the falling of any material that may be used or deposited thereon." (Ill. Rev. Stat. 1981, ch. 48, par. 60.)

Thus, the Act is designed to protect workers engaged in extrahazardous activities from certain risks inherent in the nature of their jobs. (*Urman v. Walter* (1981), 101 Ill. App. 3d 1085, 428 N.E.2d 1051.) Furthermore, our courts have recognized that the Act is intended to cover support devices used in a construction site, and, necessarily, the failure to supply the same. (*Delgatto v. Brandon Associates, Ltd.* (1988), 172 Ill. App. 3d 424, 526 N.E.2d 384; *Carnevale v. Inland Ryerson Building Systems* (1988), 169 Ill. App. 3d 740, 523 N.E.2d 1056.) Accordingly, the failure to provide a crane in conjunction with certain construction activities may be a violation of the Act. See, *e.g.*, *McNellis v. Combustion Engineering, Inc.* (1974), 58 Ill. 2d 146, 317 N.E.2d 573.

Plaintiffs cite *McNellis* in support of their position that defendants' failure to provide a crane was a violation of the Act. In *McNellis*, plaintiff was fatally injured when a piece of equipment weighing 20,000 pounds fell on him as he was unloading it from a railroad car. The court found that the failure to use a crane was a violation of the Act. The court noted that the activity in question was an integral part of the entire operation of the construction and that there was sufficient testimony that a crane should have been used. *McNellis v. Combustion Engineering, Inc.*, 58 Ill. 2d 146, 317 N.E.2d 573.

Here, however, the record reflects that there was no real issue as to the need for a crane. Although Edward stated that he had asked for a hoist because of the congestion in the work area, he also stated that he and his partner were capable of lifting the beams, and, in fact, had done so on numerous occasions. Moreover, Edward stated that there was nothing about the beams which would have led him to believe that he and his partner needed assistance in moving them. Thus, the situation is not like that in *McNellis*, where there was specific tes-

timony that a crane should have been used. Rather, the situation is comparable to that in *Kittleson v. United Parcel Service, Inc.* (1987), 162 Ill. App. 3d 966, 516 N.E.2d 350. In *Kittleson,* plaintiff was injured when he tripped over some debris while manually moving equipment from a storage area to a forklift truck. Plaintiff contended that a triable issue of fact existed as to whether the failure to use a crane or hoist to move the equipment into place was a violation of the Structural Work Act. The court found that there was no such issue because plaintiff had failed to demonstrate that there was any need for a crane. To the contrary, plaintiff had demonstrated that he and his partner were capable of lifting the equipment and had done so on at least one occasion. The court concluded that no violation of the Act had occurred. *Kittleson v. United Parcel Service, Inc.*, 162 Ill. App. 3d 966, 516 N.E.2d 350.

■ We similarly conclude that defendants' failure to provide a crane here did not violate the Act. Edward failed to demonstrate that there was a need for a crane to support the beam or that the absence of a crane was in any way related to his injury. It was not the absence of a device to support the beam which caused Edward's injury, but the fact that he slipped in a slick on the concrete floor.

Plaintiffs next contend that there is an issue of fact as to whether the surface where the injury occurred was a platform or support within the meaning of the Act. Plaintiffs maintain that because the work platform provided access to the turbine and surrounding systems, it was an integral part of the construction and, therefore, qualifies as a support under the Act.

■ Whether a device constitutes a support under the Act is a matter of statutory construction and, therefore, is a question of law to be determined by the court. (*Vuletich v. United States Steel Corp.* (1987), 117 Ill. 2d 417, 512 N.E.2d 1223.) Our courts utilize a three-pronged analysis to determine whether a device qualifies as a support within the meaning of the Act. First, the court must determine what the intended use of the device in question was at the time of the injury. Second, the court must determine whether the injury has some connection with the hazardous nature of the device in question. Third, the court must determine what was the element of danger involved in the use of the support and whether this was the danger which the legislature was attempting to alleviate in enacting the statute. *Ashley v. Osman & Associates, Inc.* (1983), 114 Ill. App. 3d 293, 448 N.E.2d 1011.

■ A permanent part of the structure, such as a roof, can be used temporarily as a support. (*Crothers v. La Salle Institute* (1977),

68 Ill. 2d 399, 370 N.E.2d 213.) However, a completed, permanent floor of a building under construction, as here, generally is not considered a support within the meaning of that term under the Act. (*Tenenbaum v. City of Chicago* (1975), 60 Ill. 2d 363, 325 N.E.2d 607; *Choi v. Commonwealth Edison Co.* (1984), 129 Ill. App. 3d 878, 473 N.E.2d 385; *Quinn v. L.B.C., Inc.* (1981), 94 Ill. App. 3d 660, 418 N.E.2d 1011.) In determining whether a particular surface is a support, our inquiry is directed to the intended use of the device in question at the time of the injury, not to the nature of the work being performed. *Vuletich v. United States Steel Corp.*, 117 Ill. 2d 417, 512 N.E.2d 1223.

Edward maintains that he was handling heavy construction materials on a platform as an essential step involved in the construction or maintenance of a structure. Thus, he concludes that he was using the floor as a support and not merely as a floor.

We considered a similar situation in *Choi v. Commonwealth Edison Co.* There, plaintiff slipped on a concrete floor while transporting equipment. We held that the floor upon which plaintiff was walking was not a support within the scope of the Act. *Choi v. Commonwealth Edison Co.*, 129 Ill. App. 3d 878, 473 N.E.2d 385. Accord *Carnevale v. Inland Ryerson Building Systems*, 169 Ill. App. 3d 740, 523 N.E.2d 1056; *Harper v. Schal Associates, Inc.* (1987), 159 Ill. App. 3d 542, 510 N.E.2d 1061.

■ The situation here is indistinguishable from that in *Choi*, and accordingly, that decision controls our resolution of this appeal. In each case, plaintiff was transporting materials in connection with construction work; in each case, plaintiff skidded on a permanent floor; and in each case, plaintiff was merely using the surface as a pathway. Thus, in each case, the surface simply was being used as a floor and not as a support. The fact that Edward was transporting the beam to a work area does not alter the fact that at the time he slipped, he was using the floor as a pathway and not as a construction work support.

■ It is true that the Structural Work Act is to be given a liberal construction to effectuate its purpose of protecting construction workers. (*Vuletich v. United States Steel Corp.*, 117 Ill. 2d 417, 512 N.E.2d 1223.) Nevertheless, the Act should not be interpreted to compel coverage of every construction work injury. (*Harper & Schal Associates, Inc.*, 159 Ill. App. 3d 542, 510 N.E.2d 1061.) Moreover, the scope of the Act should not be broadened by unnatural interpretations, particularly where existing workers' compensation and tort remedies are available to afford relief to injured workers. (*Choi v. Commonwealth Edison Co.*, 129 Ill. App. 3d 878, 473 N.E.2d 385; *Rayfield v. Homart*

*Development Co.* (1981), 100 Ill. App. 3d 620, 427 N.E.2d 193.) In our view, the interpretation which plaintiffs suggest would improperly broaden the scope of the Act. At the time of Edward's injury, the floor simply was being used as a floor.

Because we have determined that defendants' failure to provide a crane is not a violation of the Act and that the surface upon which Edward slipped is not a support within the meaning of the Act, we need not consider the second and third inquiries under the *Ashley* test. Accordingly, we find that the trial court properly granted defendants' motion for summary judgment as to count I of the complaint.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

FREEMAN, P.J., and WHITE, J., concur.