BRIAN HEINO, Plaintiff-Appellant, v. MELLON STUART COMPANY *et al.*, Defendants-Appellees.

Second District   No. 2—91—0337

Opinion filed December 13, 1991.

Jeffrey J. Tallis, of Faklis & Tallis, of Chicago, for appellant.

Jenna Lynn Schoeneman, Sarah Hansen Sotos, and Janella L. Barbrow, all of Knight, Hoppe, Fanning & Knight, Ltd., of Des Plaines, Daniel P. Felix, of Wildman, Harrold, Allen & Dixon, and Carol M. Douglas, of Robins, Caplan, Miller & Ciresi, both of Chicago, and James S. Tukesbrey, of Ridge & Lawler, of Waukegan, for appellees.

PRESIDING JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Brian Heino, brought suit arising out of his fall during the construction of the Lake County jail facility. Count I is under the Structural Work Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 60) and is against certain named defendants, including Mellon Stuart Company, Wagner Ventilating Company and Midwesco, Inc. (defendants herein). Count II is a negligence action and is not a part of this appeal. Midwesco filed a motion for summary judgment on count I. The circuit court of Lake County granted summary judgment in favor of all named defendants. Plaintiff appeals pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)).

The sole issue presented by plaintiff for review is whether the trial court properly granted defendants' motion for summary judgment.

The facts adduced from the pleadings and plaintiff's deposition, relied on in Midwesco's motion for summary judgment, indicate that on September 10, 1987, plaintiff was employed as a mason laborer to construct and stock scaffolds for S.G. Bialeck and Sons, Inc. (Bialeck). Bialeck was hired to do masonry work on the Lake County jail project. On that day, plaintiff and another worker were directed by a Bialeck foreman to remove debris and construction equipment from a designated area on the third level of the structure in order to set up concrete block in preparation for the erection of an exterior wall. Plaintiff's deposition refers to the area as the third floor of the build-

ing. He stated that the construction was wider and longer for the first four floors of the building and there was a narrower tower projecting up from the rest of the structure. He further testified that the area where he fell would be considered to be on the inside of the building as it exists today.

Plaintiff was cleaning debris, concrete jacks, wood and nails left by other workers on the project from an area on the third level of the structure so that concrete block could be brought to the area and set up for Bialeck's bricklayers to construct a wall. Plaintiff lifted a large piece of plywood and stepped back to throw it on top of a pile of debris he was forming. As he did so, a piece of the concrete flooring he was standing on broke away, and plaintiff fell through to the floor below and was injured. There was evidence that the concrete upon which plaintiff stood had been partially cut to allow for the installation of heating and ventilation shafts.

Defendant Midwesco moved for summary judgment as to the Structural Work Act count on the basis that the floor through which plaintiff fell was not a "support" within the meaning of the Act. The trial court granted the motion for summary judgment with respect to this count for all defendants named under that count.

Plaintiff subsequently moved the court for reconsideration of its summary judgment order. Plaintiff, for the first time, presented the deposition testimony of Douglas Schlagel, Mellon Stuart's project engineer. Schlagel testified in the deposition that the surface through which plaintiff fell was a roof. He stated that the hole in the concrete roof was for either a roof fan or a roof hatch. He testified that the portion of the concrete surface through which plaintiff fell was an exposed roof area now covered with insulation, rubber membrane roofing material and stone. The trial court denied plaintiff's motion to reconsider.

We consider first defendants' appellate argument that this second deposition was not part of the record at the time of the original motion for summary judgment and therefore should not be considered by this court on review. However, it appears from the transcript of the proceeding upon the motion to reconsider that the trial judge in his discretion considered the additional deposition of Douglas Schlagel and the further arguments of counsel (see *Delgatto v. Brandon Associates, Ltd.* (1989), 131 Ill. 2d 183, 195, 545 N.E.2d 689), but found that nothing new had been raised to change his decision, and denied plaintiff's motion to reconsider. Although the parties apparently disagree as to whether the Schlagel deposition was considered by the trial court, we conclude it was before the trial court, and it is con-

tained in the record on appeal. Nevertheless, its importance is not significant in deciding the only issue raised on appeal. The principal reason why plaintiff relies on the Schlagel deposition is that Schlagel described the surface plaintiff was standing on when he fell as a roof, whereas in plaintiff's deposition he stated the surface was a floor. Although these two depositions make unclear whether the surface was the roof or a floor of the building under construction, the characterization of the surface as a roof or as a floor is not of any consequence under the circumstances here in resolving the issue raised as we more fully explain below.

The principal issue in this appeal is whether the structure plaintiff fell through falls within the scope of section 1 of the Act, which provides as follows:

"All scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, or other structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon, or passing under or by the same, and in such manner as to prevent the falling of any material that may be used or deposited thereon." Ill. Rev. Stat. 1989, ch. 48, par. 60.

■ The purpose of the Act is to protect persons engaged in extrahazardous occupations on or near a construction site. (*McNellis v. Combustion Engineering, Inc.* (1974), 58 Ill. 2d 146, 151, 317 N.E.2d 573.) The Act is to be liberally construed to effectuate this purpose, although the Act was not intended to, nor has it ever been interpreted to, cover any and all construction activities. (*Vuletich v. United States Steel Corp.* (1987), 117 Ill. 2d 417, 421-22, 512 N.E.2d 1223.) The question of whether a structure is a scaffold here presents no issue of fact and can be decided in summary judgment as a matter of law. See *Crothers v. La Salle Institute* (1977), 68 Ill. 2d 399, 411-12, 370 N.E.2d 213.

■ Part of a permanent structure may constitute a "scaffold" within the contemplation of the Act. (*Louis v. Barenfanger* (1968), 39 Ill. 2d 445, 449, 236 N.E.2d 724.) Our inquiry is not limited to the identity of the object claimed to be a support or scaffold, but rather how it was being utilized at the time of the injury. (*Vuletich v. United States Steel Corp.* (1987), 117 Ill. 2d 417, 422, 512 N.E.2d 1223.) In

*St. John v. R.R. Donnelly & Sons Co.* (1973), 54 Ill. 2d 271, 296 N.E.2d 740, our supreme court, citing *Louis v. Barenfanger* (39 Ill. 2d 445, 236 N.E.2d 724), held that a roof that was being put to a temporary use as a scaffold was within the confines of the Act and that plaintiff, who was removing debris and stacking runways when he fell through an opening for heating, ventilating and lighting equipment, was entitled to recover. (*St. John*, 54 Ill. 2d at 274, 296 N.E.2d at 742.) Similarly, in *Crothers v. La Salle Institute* (1977), 68 Ill. 2d 399, 370 N.E.2d 213, the supreme court held that the roof in question was clearly being used as the only means of support for the workman and was thus a scaffold under the Act. *Crothers*, 68 Ill. 2d at 412, 370 N.E.2d at 219.

While defendants point out that no reviewing court has ever found a floor to be a scaffold, our research indicates that a floor may be a support under the Act in appropriate circumstances. In *Juliano v. Oravec* (1973), 53 Ill. 2d 566, 293 N.E.2d 897, the plaintiff was injured when his foot went through the "subflooring" on the second floor of a structure which resulted in molten lead being thrown onto his face and arm. The supreme court concluded that the subflooring "was a 'stay' or 'support' within the ambit of the Act." (*Juliano*, 53 Ill. 2d at 569-70, 293 N.E.2d at 899.) In *Crothers*, the supreme court cited the above language from *Juliano* as authority for the proposition that subflooring was a "stay" or "support" within the ambit of the Act "because 'it is clear that tradesmen *** relied upon the subflooring as their sole source of support while working.' " (*Crothers*, 68 Ill. 2d at 412, 370 N.E.2d at 219, quoting *Juliano*, 53 Ill. 2d at 569-70, 293 N.E.2d at 899.) Further, in *Vuletich v. United States Steel Corp.* (1987), 117 Ill. 2d 417, 512 N.E.2d 1223, our supreme court stated that " '[A] floor is not a scaffold when it is being used merely as a walkway [citations], but if a worker relies on a partially completed floor for support as a working platform, he may recover.' " (*Vuletich*, 117 Ill. 2d at 423, 512 N.E.2d at 1225, quoting *Urman v. Walter* (1981), 101 Ill. App. 3d 1085, 1093, 428 N.E.2d 1051; see also *Mundt v. Ragnar Benson, Inc.* (1974), 18 Ill. App. 3d 758, 771, 310 N.E.2d 633 (newly poured concrete floor, with hole for placement of elevators and air ducts, was a "scaffold" under the Act).) Thus, it is clear that whether the surface through which plaintiff fell is characterized as a floor or a roof is not determinative of the issue.

■ Having concluded that a roof or floor may be a "support" within the ambit of the Act, we must now determine whether the structure in question was a "support." In the case at bar, plaintiff, similar to the situation in *St. John*, was lifting and moving several ob-

jects on the uncompleted level of the structure. That portion of the surface served as a working area for plaintiff, who was cleaning the area to set up a place for block for the bricklayers to use in the erection of a wall. He relied on the surface as a temporary support during the performance of his duties. The surface plaintiff was on, whether called a floor or a roof, was being put to a temporary use as a scaffold and was within the Act.

Defendants rely on *Gannon v. Commonwealth Edison Co.* (1989), 182 Ill. App. 3d 228, 537 N.E.2d 994, and *Choi v. Commonwealth Edison Co.* (1984), 129 Ill. App. 3d 878, 473 N.E.2d 385, as standing for the proposition that a floor is not a scaffold within the confines of the Act. Both cases, however, involved plaintiffs who were carrying materials to the construction site and slipped on the floors in question. In both instances, the plaintiffs were simply using the floor as a pathway and not as a construction work support. We note, too, that in *Tenenbaum v. City of Chicago* (1975), 60 Ill. 2d 363, 325 N.E.2d 607, the plaintiff, who was inspecting a building under construction, tripped and fell against a ladder and then into a hole in the floor. The court held that the floor was not being used as a working platform for the purpose of completing construction, but as a floor. 60 Ill. 2d at 370, 325 N.E.2d at 612.

Finally, defendants argue that the case at bar is factually analogous to *Hall v. Canady* (1986), 149 Ill. App. 3d 544, 500 N.E.2d 689. *Hall* is distinguishable from the case at bar because the deck on which plaintiff therein was standing while making repairs to it was an eight-year-old deck which we found was not intended to be a scaffold under the Act. *Hall*, 149 Ill. App. 3d at 548-49, 500 N.E.2d at 691-92.

For the foregoing reasons, we hold that the circuit court erred in granting summary judgment in favor of defendants and in denying plaintiff's motion to reconsider. The judgment of the circuit court of Lake County is reversed, and the cause is remanded.

Reversed and remanded.

UNVERZAGT and DUNN, JJ., concur.