DAVID ONSEN, Plaintiff-Appellant, v. COMMONWEALTH EDISON COMPANY, Defendant-Appellee.

Third District   No. 3—93—0490

Opinion filed March 31, 1994.—Modified on denial of rehearing May 24, 1994.

Law Office of Thomas E. Orr, of Joliet (Thomas E. Orr, of counsel), for appellant.

Thomas H. Fegan, Thomas J. Andrews, and Steven F. Wittman, all of Johnson & Bell, Ltd., of Chicago (Mindy Kallus, of counsel), for appellee.

JUSTICE LYTTON delivered the opinion of the court:

This appeal presents the issue of whether an employer's failure to provide a hoist for the purpose of removing materials from a work site can provide the basis for a claim under the Structural Work Act (Act) (740 ILCS 150/0.01 *et seq.* (West 1992)). For reasons stated below, we find that it does and reverse the trial court's entry of summary judgment dismissing plaintiff's complaint and remand for further proceedings.

Plaintiff, David Onsen, was employed as a laborer for Morrison Construction Company. On March 26, 1988, Onsen was working on the renovation of the unit two nuclear reactor at the La Salle Nuclear Power Station of defendant, Commonwealth Edison. Onsen was engaged in the removal of snubbers, which are large pipes, 12 feet long, containing coil springs and weighing approximately 300 pounds. Onsen was familiar with the procedure for removing the snubbers, as he had removed around 30 of them at the site prior to this occurrence.

The snubber at issue was situated about two feet off the ground. Onsen and a co-worker unbolted the mountings located on the ends of the snubber and lowered it to the ground. Onsen intended to move the snubber to another location in the facility with the assistance of his co-worker. Because of congestion caused by pipes and other items in the work area, Onsen asked the foreman if the items could be moved out of the way so that they could get a hoist in to move the snubber. The foreman consulted one of defendant's employees who responded that the items would not be removed. The foreman instructed Onsen to go ahead and move the snubber as best they could. Onsen and his co-worker intended to attach nylon straps to the snubber to transport it out of the drywell area. As Onsen picked up one end of the snubber in order to slip the nylon strap around it, he felt a "pop" in his back, which was later diagnosed as a "central herniated lumbar intervertebral disc" injury.

Onsen filed a one-count complaint against defendant based on the Act. The trial court granted defendant's motion for summary judgment (735 ILCS 5/2—1005(c) (West 1992)) and Onsen appeals.

Onsen argues that the trial court erred in granting defendant's motion for summary judgment because the Act was designed to provide a cause of action for workers injured when engaged in an ultrahazardous activity where the party in charge of and in control of the work failed to provide a device enumerated in the Act. Onsen was working in a nuclear power plant and was required to wear protective clothing; he was engaged in an ultrahazardous activity under the control of defendant. He alleges that he was injured as a result of defendant's failure to provide a hoist, an enumerated device under the Act.

Defendant responds that Onsen's activity was not covered under the Act, that the mere lifting of an object has no connection to the hazards posed by the device.

In order for a trial court to grant a motion for summary judgment, the pleadings, depositions and affidavits must show that there is no genuine issue of material fact. (735 ILCS 5/2—1005(c) (West 1992).) Summary judgment is proper when the parties agree upon the facts, but dispute the correct construction of the Act and whether the facts sustain a cause of action. (*American National Bank & Trust Co. v. National Advertisement Co.* (1992), 149 Ill. 2d 14, 22, 594 N.E.2d 313.) Whether the Act covers the plaintiff's injuries is a matter of statutory construction and therefore a question of law for the court. (*American National Bank*, 149 Ill. 2d at 22.) When an appeal is taken from a summary judgment order, our standard of review is *de novo. Myers v. Health Specialists, S.C.* (1992), 225 Ill. App. 3d 68, 72, 587 N.E.2d 494, *appeal denied* (1992), 145 Ill. 2d 635.

The Structural Work Act provides, in relevant part, as follows:

"All *** hoists *** erected or constructed by any person, firm or corporation in this State for the use in *** repairing *** of any *** building *** or other structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons ***." (740 ILCS 150/1 (West 1992).)

In addition, section 9 of the Act provides that any person injured as a result of a wilful violation of the Act is given a right of action for damages. 740 ILCS 150/9 (West 1992).

It is well established that the failure to provide an enumerated device under the Act is actionable and that the Act is to be liberally construed. (*Louis v. Barenfanger* (1968), 39 Ill. 2d 445, 236 N.E.2d 724; *Urman v. Walter* (1981), 101 Ill. App. 3d 1085, 428 N.E.2d 1051.) The failure to provide a hoist in conjunction with certain construction activities may be a violation of the Act. *McNellis v. Combustion Engineering, Inc.* (1973), 13 Ill. App. 3d 733, 301 N.E.2d 91, *aff'd* (1974), 58 Ill. 2d 146, 317 N.E.2d 573.

In *McNellis*, plaintiff sustained fatal injuries while unloading component parts of a steam generator from a railroad car. The parts weighed over 20,000 pounds and were attached to the railroad car by tie rods as well as scrap steel welded to the parts and the car. Two cranes were at the work site and were available for use in the project, but the workers and the foreman decided not to use them. While plaintiff and a co-worker were engaged in cutting loose supports of the parts, one of the parts fell, pinning plaintiff to the side of the car. The workers used one of the cranes to lift the part and remove plaintiff, who later died from his injuries.

Plaintiff alleged, in part, that defendants' failure to utilize the cranes at the work site was a violation of the Structural Work Act (Ill. Rev. Stat. 1969, ch. 48, par. 60 *et seq.*). The trial court found that the activity at issue was covered by the Act, and the appellate court agreed.

The Illinois Supreme Court affirmed. (*McNellis*, 58 Ill. 2d 146.) The court noted that there was testimony that a crane should have been used to hold the parts in place while the workers cut the tie rods and scrap steel supports. The court found that the unloading of the parts was an integral part of the erection operation.

In light of *McNellis*, we believe that Onsen's activity is covered under the Act. Here, Onsen was engaged in the removal of a 300-pound snubber for the renovation of one of defendant's nuclear power plants. Onsen asked that defendant remove materials from the work

area in order that a hoist could be used to remove the snubber. Defendant refused. Onsen was injured while manually lifting the snubber in order to get a nylon strap around one end of it. Like *McNellis*, it appears Onsen's injury was proximately related to the defendant's failure to provide a hoist to lift the snubber in order to renovate the defendant's nuclear plant.

In the recent case of *Gannon v. Commonwealth Edison Co.* (1989), 182 Ill. App. 3d 228, 537 N.E.2d 994, the court distinguished *McNellis* on its facts. In *Gannon*, plaintiff and a co-worker were transferring channel beams from one area in defendant's power station to another. The beams were lifted to the work area in a tub by a crane and then manually unloaded. The area was very congested and plaintiff had requested a hoist to lift the beams from the tub. As plaintiff and a co-worker were manually picking up one of the beams, plaintiff's foot slipped on some water or oil on the floor, and he fell, injuring himself.

Plaintiff sued under the Act, alleging, in part, that his injury was caused by defendant's failure to provide a crane or hoist to lift the channel beams. The trial court granted defendant's motion for summary judgment as a matter of law. The first district affirmed, finding that plaintiff and his partner were capable of lifting the beams and had done so without incident on numerous occasions. Additionally, there was nothing about those particular beams which would have led plaintiff to believe that he would need assistance in moving them. "Thus, the situation is not like that in *McNellis*, where there was specific testimony that a crane should have been used." (*Gannon*, 182 Ill. App. 3d at 231-32.) The *Gannon* court concluded that "[i]t was not the absence of a device to support the beam which caused [plaintiff's] injury, but the fact that he slipped in a slick on the concrete floor." *Gannon*, 182 Ill. App. 3d at 232.

"[A] party presenting a case based on the failure to provide a needed [device enumerated in the Act] must establish that a party in charge of the work exercising due care would provide one." (*Delgatto v. Brandon Associates, Ltd.* (1989), 131 Ill. 2d 183, 192-93, 545 N.E.2d 689.) In *Gannon*, the plaintiff did not present testimony that a crane or hoist was necessary, the facts did not indicate that the plaintiff could not handle the job manually, and his injury was not proximately caused by the defendant's failure to provide a hoist.

In this case, Onsen attempted to introduce the deposition testimony of his expert witness that a hoist was necessary. (In refusing to consider the deposition on other grounds, the trial court noted in its oral ruling that the primary and dispositive issue before the court was whether, as a matter of law, Onsen's activity was covered

by the Act.) Onsen testified in his deposition that in removing other snubbers prior to his injury, it was necessary to use a hoist because the snubbers were too heavy to carry. Finally, unlike *Gannon*, Onsen's injury was not caused by a slip on the floor, but was caused by Onsen's attempt to lift the snubber without a hoist.

Defendant cites *American National Bank & Trust Co. v. National Advertisement Co.* for the proposition that the Act does not cover Onsen's injury. In that case, the cause of the plaintiff's death was his contact with an electrical power line, not the failure to provide a proper scaffold. The supreme court found the Act did not cover injuries caused by the alleged improper placement of power lines. We agree that injuries due to causes other than those covered in the statute are not protected. Here, however, Onsen's injuries were caused by the failure to provide a hoist.

Onsen's activity of removing the snubber for renovation of defendant's nuclear plant is covered by the Act. The trial court erred as a matter of law in granting defendant's motion for summary judgment.

The order of the circuit court of La Salle County granting defendant's motion for summary judgment is reversed and the cause remanded for further proceedings.

Reversed and remanded.

SLATER, P.J., and BRESLIN, J., concur.