RONALD MARTINEZ, Plaintiff-Appellant, v. MOBIL OIL CORPORATION *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—96—2023

Opinion filed May 1, 1998.

Block, Krockey, Cernugel & Cowgill, P.C., of Joliet (Michael D. Block and Elizabeth A. Klukas, of counsel), for appellant.

O'Hagan, Smith & Amundsen, LLC, and Querrey & Harrow, Ltd., both of Chicago (Dennis A. Marks, Michael Resis, and Ellen S. Martin, of counsel), for defendants-appellees.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff Ronald Martinez appeals an order of the circuit court of Cook County granting summary judgment in favor of defendants Mobil Oil Corporation (Mobil) and Pangere Construction, Inc. (Pangere), on personal injury claims based on the Structural Work Act (740 ILCS 150/1 et seq. (West 1994) (repealed by Pub. Act 89—2, eff. February 14, 1995)) (Act). The primary issues on appeal are: (1) whether the Act applies to a construction worker struck by another worker who falls from a structure; (2) whether the structure at issue in this case falls within the scope of the Act; and (3) whether plaintiff's injury falls outside the Act as being caused by plaintiff's voluntary action. For the following reasons, we reverse and remand the case for further proceedings.

The record on appeal indicates the following facts. On December 20, 1993, plaintiff filed a four-count complaint against defendants. The complaint alleges that on September 22, 1992, defendants were in charge of construction work being performed at the Mobil Oil Refinery in Elwood, Illinois. Plaintiff was on the premises of the refinery in his capacity as an employee of BMW Constructors, Inc.

(BMW). Plaintiff alleged that he was on fire watch for two welders when a foreman employed by Pangere became entangled in a lanyard and fell from a platform. Plaintiff further alleged that he "caught the man in mid-fall causing Plaintiff's body to be twisted thus injuring his back and legs."

Count I of the complaint claimed that Mobil violated the Act by failing to provide safe access to and from platforms or adequate protection to the life and limb of persons engaged thereon. Count II claimed that Mobil negligently failed to provide a reasonably safe work place. Counts III and IV claimed similar violations of the Act and negligence, respectively, against Pangere.

Pretrial discovery proceeded. On January 16, 1996, the defendants filed a joint motion for summary judgment as to counts I, II and III of plaintiff's complaint. The defendants relied primarily on the transcript of plaintiff's deposition. In the deposition, plaintiff discussed the events of September 22, 1992.

Plaintiff testified that Pangere was a contractor for the work at the refinery. Plaintiff was employed by BMW as a fire watch, who would watch the welders and grinders to prevent any fires that could result from their work. At the time he was injured, plaintiff had been watching work performed to build a "structural unit" in the "CCR unit."

Plaintiff was standing approximately three feet from two steel platforms that were stacked on top of each other. These platforms, which were approximately 20 feet square, eventually would be hoisted to serve as working platforms for the project. There were large wooden blocks, twice the size of railroad ties (approximately 16 to 18 inches square and 2½ feet long) beneath and between the platforms. Together the platforms stood almost to plaintiff's chest, or approximately 3½ feet tall.

Two iron workers were working on the top platform as they built it. Wayne Swanson, a foreman for Pangere, was also on the platform, originally six feet from plaintiff. According to plaintiff, Swanson was approximately 6 feet tall, weighing approximately 200 pounds. Swanson was wearing six-foot lanyards in a loop hooked to his chest and back, which hung on Swanson's side. Plaintiff watched as Swanson walked to the edge of the platform in apparent preparation to climb down to the ground. Swanson's knee became caught on a lanyard as he was stepping off the platform.

Plaintiff testified that he reached out to Swanson because Swanson's arms went out. Plaintiff grabbed Swanson, putting his left hand under Swanson's arm and his right hand under Swanson's armpit. Plaintiff twisted as Swanson fell. Both men fell to the ground; each on one knee. The men landed next to each other.

After this incident, plaintiff continued to work, but started having a "weird feeling" in his lower right back approximately an hour afterward. Plaintiff thought he had pulled a muscle. Plaintiff told his boss of the incident at lunch time. He also notified BMW's "safety man" later that day.

Following a hearing on the matter, the trial court ruled that the type of activity at issue was not covered by the Act. The trial court entered an order granting summary judgment in favor of the defendants on counts I and III of plaintiff's complaint and finding no just reason to delay enforcement or appeal of the order. Plaintiff filed a timely notice of appeal to this court.

### I

■ The issue on appeal is whether the trial court erred in granting summary judgment. When reviewing a trial court's order of summary judgment, the only issue on appeal is whether the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Board of Directors of Olde Salem Homeowners' Ass'n v. Secretary of Veterans Affairs*, 226 Ill. App. 3d 281, 284-85, 589 N.E.2d 761, 763 (1992). Although the use of a summary judgment procedure is encouraged as an aid in expeditious disposition of a lawsuit, it is a drastic means of disposing of litigation and should only be allowed when the right of the moving party is clear and free from doubt. *Purtill v. Hess*, 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871 (1986). In determining whether the moving party is entitled to summary judgment, the court must construe the pleadings, depositions, admissions and affidavits strictly against the movant and liberally in favor of the opponent. *In re Estate of Whittington*, 107 Ill. 2d 169, 177, 483 N.E.2d 210, 215 (1985). Although the court may draw inferences from the undisputed facts, where reasonable persons could draw divergent inferences from the undisputed facts, the issue should be decided by the trier of fact and the motion should be denied. See *Pyne v. Witmer*, 129 Ill. 2d 351, 358, 543 N.E.2d 1304, 1308 (1989).

### II

■ Counts I and III of plaintiff's complaint were based on alleged violations of the Act, which provided in relevant part as follows:

"All scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, or other structure, shall be erected and constructed, in a

safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon, or passing under or by the same, and in such manner as to prevent the falling of any material that may be used or deposited thereon." 740 ILCS 150/1 (West 1994) (repealed by Pub. Act 89—2, eff. February 14, 1995).

The purpose of the Act is to protect persons engaged in extrahazardous occupations such as the construction, repair, alteration, or removal of buildings, bridges, viaducts, or other structures. *Meyer v. Caterpillar Tractor Co.*, 135 Ill. 2d 1, 7-8, 552 N.E.2d 719, 721 (1990); *Vuletich v. United States Steel Corp.*, 117 Ill. 2d 417, 421-22, 512 N.E.2d 1223, 1224 (1987). The Act should be liberally construed, but it is not intended to cover all construction activities or all injuries that occur at or near a construction site. *Vuletich*, 117 Ill. 2d at 422, 512 N.E.2d at 1224. Rather, the inquiry should focus on the particular circumstances surrounding the occurrence of the injury. *Harper v. Schal Associates, Inc.*, 159 Ill. App. 3d 542, 545, 510 N.E.2d 1061, 1064 (1987), citing *Ashley v. Osman & Associates, Inc.*, 114 Ill. App. 3d 293, 295-96, 448 N.E.2d 1011, 1013 (1983).

■ In order to state a cause of action for a violation of the Act, it is necessary to show: (1) the device involved is one listed in the Act; (2) the device was used to complete a building or other structure within the Act; (3) the device was unsafe, not safely placed or operated, or there was a failure to provide such a device; (4) those in charge of the work willfully violated the Act; and (5) the violation of the Act proximately caused the plaintiff's injury. *Harper*, 159 Ill. App. 3d at 545, 510 N.E.2d at 1064; *Ashley*, 114 Ill. App. 3d at 296, 448 N.E.2d at 1013.

■ The first ground for summary judgment asserted by defendants in this case is that plaintiff cannot recover because he was not engaged in extrahazardous construction activity at the time of his injury. See *Vuletich*, 117 Ill. 2d at 423-24, 512 N.E.2d at 1225. The Act plainly affords protection, however, to persons who are simply "passing under or by" any of the support devices to which it applies. 740 ILCS 150/1 (West 1994). Passing by an inadequate support for people or materials is a highly dangerous construction activity; an injury resulting from such activity is directly related to the hazards inherent in the use of (or failure to use) such devices. See *Wellston v. Levy Organization, Inc.*, 175 Ill. App. 3d 301, 308-09, 530 N.E.2d 60, 65 (1988). We find no reason why a person required by his job to remain near a platform would fall outside the protection defined by *Wellston*.

Moreover, in *Vuletich*, the plaintiff slipped and fell from icy temporary stairs leading from a tool storage trailer. *Vuletich*, 117 Ill. 2d at 420, 512 N.E.2d at 1224. In this case, plaintiff was struck by a person falling from a steel platform. If the platform is a support within the meaning of the Act, the injury here would be distinguishable from the slip-and-fall on the stairs at issue in *Vuletich*.

■ Of course, the second ground defendants asserted in their motion for summary judgment was that the platform here was *not* a support within the meaning of the Act, but was being used by Swanson as a pathway. Whether the platform falls within the Act is a matter of statutory construction and, thus, a question of law. See *Stead v. Valentine*, 218 Ill. App. 3d 1002, 1005, 578 N.E.2d 1227, 1229 (1991); see *Heino v. Mellon Stuart Co.*, 222 Ill. App. 3d 147, 150, 583 N.E.2d 697, 699 (1991). In determining whether a device falls within the Act, courts generally examine: (1) the device's intended use at the time of the injury; (2) whether the injury had some connection with the hazardous nature of the device; and (3) whether this was the danger that the legislature attempted to alleviate. *Stead*, 218 Ill. App. 3d at 1005, 578 N.E.2d at 1230. Accordingly, the *Vuletich* court ruled that the stairs at issue were not a support, for they were merely used to provide a pathway for ingress and egress from the trailer. *Vuletich*, 117 Ill. 2d at 422-23, 512 N.E.2d at 1225.

■ In this case, following *Wellston*, the second and third factors are present. The question remains as to the platform's intended use at the time of the injury. It is not clear that this factor must be present in a "passing by" case, as the *injured party* is by definition not on the scaffold, hoist or other support at the time of injury. Defendants focus on Swanson's use of the platform, but Swanson is not the plaintiff.

However, assuming *arguendo* that a device must have been used as a support at the time of plaintiff's injury, the element is satisfied in this case. The fact that a platform may be used as a walkway may not be determinative if the platform is also being used as a support. See, *e.g.*, *Pozzi v. McGee Associates, Inc.*, 236 Ill. App. 3d 390, 602 N.E.2d 1302 (1992). In this case, while Swanson may have been attempting to get off the platform at issue, it is undisputed that two other ironworkers were working on the platform at the time of plaintiff's injury. Unlike the stairs in *Vuletich*, the platform was not being used solely as a pathway. Thus, the platform was being used as a support at the time of plaintiff's injury.

■ The third ground defendants asserted in their motion for summary judgment was that plaintiff cannot recover for any injury caused by his own voluntary actions. Our supreme court has ruled that

"[w]hile comparative negligence of the worker and assumption of risk do not apply to a cause of action under the Act, there is no liability when the claimed need for a scaffold, support or shoring arises for the first time by the voluntary act of the worker." *Delgatto v. Brandon Associates, Ltd.*, 131 Ill. 2d 183, 193, 545 N.E.2d 689, 694 (1989); *Swendsen v. Brighton Building & Maintenance Co.*, 41 Ill. App. 3d 930, 355 N.E.2d 162 (1976).

■ Plaintiff contends that his actions were not voluntary. Although plaintiff testified that he was three feet from the platform and that he "reached out" to grab Swanson, plaintiff asserts that there is no testimony that his actions "were anything more than a reaction to a man falling on top of him." In *Delgatto* and *Swendsen*, there were undisputed facts demonstrating the creation of the risk by the voluntary act of the plaintiff. In this case, the record is murkier; it is unclear whether plaintiff's acts were such that he created the risk of being struck or whether they were an attempt to mitigate the injury to both men. Issues of causation are generally questions of fact to be decided by a jury. See, *e.g., Chicago Title & Trust Co. v. Brescia*, 285 Ill. App. 3d 671, 686, 676 N.E.2d 230, 240 (1996). Based on the record in this case, we cannot conclude that defendants' right to judgment is free from doubt.

For all of the aforementioned reasons, the judgment of the circuit court of Cook County is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

ZWICK and QUINN, JJ., concur.